IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| LISA MORRIS, MICHAEL BUI, and TUMIKA WILLIAMS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | CASE NO. 3:18-cv-157-RJC-DSC |

**MEMORANDUM IN SUPPORT OF DEFENDANT BANK OF AMERICA, N.A.'S MOTION FOR LEAVE TO FILE A RESPONSE TO PLAINTIFFS' SUR REPLY**

Bank of America, N.A. ("BANA") seeks to file a short response to arguments made by Plaintiffs' for the first time in their Sur Reply, filed as Doc. No. 34, (hereinafter, "Sur Reply"). BANA's Memorandum in support of its Motion to Dismiss Plaintiffs' Second Amended Complaint, filed as Doc No. 23, (hereinafter, "MTD") explained that the laws of Oklahoma, California, and Georgia governed Plaintiffs' claims. (MTD at 6). In Plaintiffs' Memorandum in Opposition to BANA's Motion to Dismiss, filed as Doc. No. 26 (hereinafter, "Opp."), Plaintiffs' asserted that North Carolina law applied to their common law claims, but that the laws of Oklahoma, California, and Georgia were pled in the alternative. (Opp. at 8 n.5). BANA responded to Plaintiffs' incorrect choice of law analysis in its Reply (Doc. No. 29) and further explained why North Carolina law did not apply to the issues in dispute.

Subsequently, Plaintiffs' received leave of court to file a Sur Reply to address BANA's choice of law analysis. Instead of properly using the Sur Reply to address the actual arguments made by BANA in its Reply, ***Plaintiffs' argued for the first time*** that choice of law determinations

should not be made at the motion to dismiss stage. (Reply at 1-2). BANA has not had an opportunity to respond to this argument and respectfully moves this Court for leave to distinguish the authority cited by Plaintiffs' and to provide the Court with governing authority that contradicts Plaintiffs' position. *See e.g. United Dominion Indus, Inc. v. Overhead Door Corp.*, 762 F. Supp. 126 (W.D.N.C. 1991) (emphasis added) (**While considering defendant's motion to dismiss**, the court conducted a North Carolina choice of law analysis and used the *lex loci* test to find that Texas law, and not North Carolina law, applied to any claim asserted by plaintiff on the basis of unfair and deceptive conduct. Based on this finding, the court dismissed plaintiff's claim under N.C.G.S. § 75-1.1.)

BANA also moves this Court for leave to address a misrepresentation made by Plaintiffs', **for the first time**, in their Sur Reply. Plaintiffs' incorrectly state that "BANA has failed to demonstrate [] an actual conflicts exists with respect to Plaintiffs' contract and common law claims under North Carolina law, California law, Oklahoma law, and Georgia law.[1]" (Reply at 3 n.1). Based on this misrepresentation of BANA's argument, Plaintiffs' contend that "[i]n the absence of an actual conflict, this Court is free to apply North Carolina law to Plaintiffs' claims." *Id*. BANA has not had an opportunity to respond to this argument or to distinguish the authority cited in support thereof. However, allowing BANA to respond will assist the Court in its consideration of the pending motions and will not result in any prejudice to Plaintiffs. *See Keith v. Clarke Am. Checks, Inc.,* 261 F. Supp. 2d 419, 420 n.1 (W.D.N.C. 2003) (whereby the court allowed and considered a response to a surreply.

---

[1] This is false. In its MTD and Reply, BANA set forth the various elements and case law distinctions concerning Plaintiffs' common law claims under the laws of Oklahoma, California, and Georgia. BANA also explained that Plaintiffs' had failed to plead necessary facts to support any of the common law causes of action. *See generally*, BANA's MTD and Reply.

2

Case 3:18-cv-00157-RJC-DSC   Document 36   Filed 11/02/18   Page 2 of 4

## CONCLUSION

For these reasons, BANA's motion for leave to file a response to Plaintiffs' Sur Reply should be granted. BANA further requests the Court to allow five days from entry of an Order to file its response.

This the 2nd day of November 2018.

        **McGUIREWOODS LLP**

        s/ Brian A. Kahn
        Brian A. Kahn
        North Carolina Bar No. 29291
        Jasmine K. Gardner
        North Carolina Bar No. 47853
        201 N. Tryon Street, Suite 3000
        Charlotte, North Carolina 28202
        (704) 343-2000 (Telephone)
        (704) 343-2300 (Facsimile)
        bkahn@mcguirewoods.com
        jgardner@mcguirewoods.com

        Cynthia C. Guerin (admitted *pro hac vice*)
        Texas Bar No. 03802100
        2000 McKinney Avenue, Suite 1400
        Dallas, Texas 75201
        (469) 372-3906 (Telephone)
        (214) 273-7485 (Facsimile)
        cguerin@mcguirewoods.com

        Carolee A. Hoover (admitted pro hac vice)
        California Bar No. 282018
        Two Embarcadero Center, Suite 1300
        San Francisco, CA 94111
        (415) 844-9944 (Telephone)
        (415) 844-9922 (Facsimile)
        choover@mcguirewoods.com

        *Attorneys for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2018, I electronically filed the foregoing document, with any and all attachments with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

David M. Wilkerson
dwilkerson@vwlawfirm.com
Larry McDevitt
lmcdevitt@vwlawfirm.com
The Van Winkle Law Firm
11 North Market Street
Asheville, NC 28801

James J. Pizzirusso (admitted pro hac vice)
jpizzirusso@hausfeld.com
HAUSFELD LLP
1700 K St., NW, Ste 650
Washington, DC 20006

Jeffrey Kaliel (admitted pro hac vice)
jkaliel@kalielpllc.com
Sophia Gold (admitted pro hac vice)
sgold@kalielpllc.com
Kaliel PLLC
1875 Connecticut Ave, NW, 10th Floor
Washington, DC 20009

*Attorneys for Plaintiffs*

                                                s/ Brian A. Kahn
                                                Brian A. Kahn