# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| LISA MORRIS, MICHAEL BUI, and TUMIKA WILLIAMS on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>**Defendant.** | CASE NO. 3:18-cv-157-RJC-DSC |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiffs' Second Amended Complaint" (document #22) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted in part</u> and <u>denied in part</u>, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Taking the facts of the Second Amended Complaint as true, Plaintiffs maintain checking and/or savings accounts with Defendant through banking centers in Oklahoma, California, and Georgia. Plaintiffs contend that Defendant improperly assessed fees on their accounts by (i) charging multiple non-sufficient funds ("NSF") fees and/or overdraft ("OD") fees

for the same transaction,[1] (ii) charging NSF/OD fees on payments from one Defendant account to another, (iii) prematurely deducting NSF/OD fees, and (iv) assessing monthly account service fees ("MSAS") on savings accounts that should have been waived. As a result, Plaintiffs allege that Defendant breached various "contracts and reasonable consumer expectations."  The essence of Plaintiffs' allegations is that Defendant breached the express terms of the relevant contractual provisions as well as its duty to exercise good faith in applying them when determining the number of times it would submit items for payment, the timing of those submissions, and whether to charge NSF/OD/MSAS fees. Plaintiffs allege that Defendant structured these submissions in a such a way as to to maximize fees paid by them.

On March 29, 2018, Plaintiffs filed this action on behalf of themselves and all others similarly situated.   The Second Amended Complaint alleges claims for breach of contract, breach of the covenant of good faith and fair dealing, conversion, unjust enrichment, and unfair and deceptive trade practices in violation of North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA") N.C. Gen. Stat. § 75.1.-1, Oklahoma's Consumer Protection Act ("OCPA") Okla. Stat. tit. 15 § § 752(13), 753(20), California's Unfair Competition Law ("UCL"), California Business and Professions Code section 17200, et. seq., and Georgia's Consumer Protection Act ("OCGA") O.C.G.A. Sections 10-1-390 et. seq.

Defendant has moved to dismiss the Second Amended Complaint.

---

[1] NSF Fees are assessed when the bank rejects an attempted transaction as distinct from overdraft fees ("OD Fees") which are assessed when the bank authorizes a transaction even though there are insufficient funds in the account.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

## B. Breach of Contract

Plaintiffs base their breach of contract claim on both express breach and breach of the implied covenant of good faith and fair dealing. See, e.g., In re HSBC Bank, 1 F. Supp. 3d 34, 54 (E.D.N.Y. 2014) (allowing claim to proceed despite HSBC's argument that it had contractual authority to post debit transactions from high to low); Gutierrez v. Wells Fargo, 622 F. Supp. 2d 946, 954 (N.D. Cal. 2009) (allowing claim to proceed despite Wells Fargo's argument that it had contractual authority to post items to checking account in any order the bank chose); White v. Wachovia Bank, N.A., 563 F. Supp. 2d 1358, 1363 (N.D. Ga. 2008) (declining to dismiss plaintiff's breach of the implied covenant of good faith and fair dealing at the motion to dismiss stage when plaintiff alleged that Wachovia "breached the contract provisions [of its Deposit Agreement] de facto even if it maintained performance de jure" in manipulating transactions to maximize overdraft fees); Hunting Aircraft, Inc. v. Peachtree City Airport Auth., 281 Ga. App. 450, 453–54 (2006) ("[W]here the manner of performance is left more or less to the discretion of one of the parties to the contract, he is bound to the exercise of good faith."); Beshara v. Southern Nat'l Bank, 928 P.2d 280, 288 (Okla. 1996) (common law of Oklahoma "implies in all contracts

a mutual covenant that the parties will act towards each other in good faith)"; First Nat'l Bank & Trust Co. of Vinita v. Kissee, 859 P.2d 502, 509 (Okla. 1993) (contract contains implied covenant requiring parties not to injure the other parties' reasonable expectations nor impair the rights or interests of the other to receive the benefits of the contract).

Applying these precedents to the facts alleged here, Plaintiffs have sufficiently alleged a breach of contract claim under both theories. For those reasons, the undersigned respectfully recommends that Defendant's Motion to Dismiss Plaintiffs' breach of contract claim be denied.

### C. Breach of Implied Covenant of Good Faith and Fair Dealing

In their "Memorandum in Opposition …", Plaintiffs state that allegations of breach of the covenant of good faith and fair dealing are not pled as a separate tort claim but rather as incident to their breach of contract claim. See Document #26 at 14-15. For this reason and the other reasons stated in Defendant's briefs, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted as to any separate claim for breach of the implied covenant of good faith and fair dealing.

### D. Conversion

In order to prevail on their conversion claim, Plaintiffs must show that under applicable state law Defendant unlawfully withheld a check (Oklahoma), took money through the use of forged or unauthorized documents (California) or retained a specific identifiable fund (Georgia). See, e.g., Childs v. Unified Life Ins. Co., 781 F.Supp.2d 1240, 1249 (N.D. Okla. 2011) (money is intangible personal property and cannot be converted); McKell v. Washington Mut., Inc., 142 Cal. App. 4th 1457, 1492, 49 Cal. Rptr. 3d 227 (2006) (overcharge cannot give rise to conversion claim); Taylor v. Powertel, Inc., 250 Ga.App. 356, 359, 551 S.E.2d 765 (2001) ("there can be no conversion action for money damages for money," unless it compromises "a specific, separate,

5
Case 3:18-cv-00157-RJC-DSC   Document 38   Filed 01/08/19   Page 5 of 9

identifiable fund"). But see Fong v. E. W. Bank, 227 Cal. Rptr. 3d 838, 844 (Ct. App. 2018) (Plaintiff alleged conversion of deposited funds as a result of forged documents authorizing the transfers); Steenbergen v. First Fed. Sav. & Loan, 753 P.2d 1330, 1332 (Okla. 1987) (withheld check is exception to general rule in Oklahoma that only tangible personal property may be converted).

Plaintiffs have not sufficiently pled a cause of action under the applicable state laws. Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted as to Plaintiffs' conversion claim.

### E. Unjust Enrichment

Plaintiffs argue that they have pled their unjust enrichment claim in the alternative to their contract claim. But the record is clear that this dispute is governed by one if not several valid contracts between the parties. Sisemore v. Dolgencorp, LLC, 212 F.Supp.3d 1106, 1112 (N.D. Okla. 2016) (holding that a claim for unjust enrichment is not viable when an enforceable contract governs the parties' relationship); Lance Camper Mfg. Corp. v. Republic Indem. Co., 44 Cal. App. 4th 194, 203, 51 Cal. Rptr. 2d 622 (1996) (same); Bogard v. Inter–State Assurance Co., 263 Ga. App. 767, 589 S.E.2d 317, 319 (2003) ("the existence of the contract between the parties precludes [plaintiff]'s unjust enrichment claim"); Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted as to Plaintiffs' unjust enrichment claim.

### F. Unfair and Deceptive Trade Practices Claims

The parties dispute which state's consumer protection law applies here. A choice of law inquiry may be very fact intensive and more appropriately undertaken after the record is sufficiently developed. Terry v. Swift Transportation, No. 1:16cv256, 2017 WL 1013074, at *7 (M.D.N.C. March 14, 2017) (citing Graboff v. The Collern Firm, Civ. Action No. 10–1710, 2010

WL 4456923, at *8 (E.D. Pa. Nov. 8, 2010) (explaining that, "[d]ue to the complexity of this analysis, when confronted with a choice of law issue at the motion to dismiss stage, courts … have concluded that it is more appropriate to address the issue at a later stage in the proceedings," and that, "[h]ere, a choice of law analysis is premature because the record lacks necessary facts for the [c]ourt to conduct the fact-intensive, context-specific analysis required"). See also Beritelli v. Wells Fargo Bank, N.A., No. 1:11-CV-000179-MR, 2013 WL 5460179, at *13 (W.D.N.C. Sept. 30, 2013) ("[T]he Court cannot make a determination of the choice of law issue at this time…The parties may revisit the choice of law issue at the summary judgment stage, at which time the Court will be in a better position to determine which state law is applicable."); Clean Earth of Md., Inc. v. Total Safety, Inc., No. 2:10–cv–119, 2011 WL 1627995, at *4 (N.D. W. Va. Apr. 28, 2011) ("Importantly, a court is typically in a better position to decide a choice of law issue after the parties have developed the factual evidence through the process of discovery." (collecting cases)). Since Plaintiffs pled their unfair and deceptive trade practices claims under both North Carolina law and the law of their states of residence, the Court finds that it is premature to determine choice of law at this stage of the proceedings.

The elements of a claim for UDTP in North Carolina are "(1) [the] defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." Bumpers v. Cmty. Bank of N. Va., 747 S.E.2d 220, 226 (N.C. 2013) (alteration in original). "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." Walker v. Fleetwood Homes of N.C., Inc., 362 N.C. 63, 72, 653 S.E.2d 393, 399 (2007) (internal quotation marks omitted). "[A] practice is deceptive if it has the capacity or tendency to deceive." Id. (alteration in original)

(internal quotation marks omitted). The elements of unfair and deceptive trade practices claims under California, Georgia and Oklahoma law are similar. See Okla. Stat. tit. 15 § § 752(13), 753(20), California Business and Professions Code section 17200, et. seq., and O.C.G.A. Sections 10-1-390 et. seq.

Defendant's arguments as to Plaintiffs' unfair and deceptive trade practices claims are more appropriately considered at summary judgment and following completion of discovery. Plaintiffs have alleged facts that would permit, but not require, a reasonable jury to conclude that Defendant did not act in good faith in performing its contractual duties. Consequently, the undersigned respectfully recommends that Defendant's Motion to Dismiss Plaintiffs' claims under the North Carolina Unfair and Deceptive Trade Practices Act, Oklahoma Consumer Protection Act, California Unfair Competition Law, and Georgia Consumer Protection Act be denied.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiffs' Second Amended Complaint" (document #22) be **GRANTED IN PART** and **DENIED IN PART**, specifically, **GRANTED** as to Plaintiffs' claims for conversion, unjust enrichment, and breach of implied covenant of good faith and fair dealing, and that those claims be **DISMISSED WITH PREJUDICE**, and **DENIED** in all other respects..

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections

8
Case 3:18-cv-00157-RJC-DSC   Document 38   Filed 01/08/19   Page 8 of 9

to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: January 7, 2019

David S. Cayer
United States Magistrate Judge