| | |
|---|---|
| LISA MORRIS, MICHAEL BUI, and TUMIKA WILLIAMS *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Bank of America, N.A.,<br><br>Defendant. | SECOND AMENDED JOINT CERTIFICATION AND REPORT OF F.R.C.P. 26(F) CONFERENCE AND PROPOSED DISCOVERY PLAN |

*This Second Amended Joint Certification corrects the parties' proposed date for the reply brief in 4(b) regarding class certification briefing.*

*Please fill in or check the appropriate blanks (print legibly) to certify completion of the Rule 26(f) Attorney's Conference and provide the required information to the Court. Where the parties were unable to agree on a specific provision or item, please so note and attach any necessary explanation. Please note that this information will be used <u>as a guideline</u> by the judge conducting the Initial Pretrial Conference or issuing the Initial Pretrial Order.*

1. <u>Certification of Conference</u>. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on April 25, 2019, by telephone and was conducted by the undersigned counsel for the designated parties in the above- captioned case.

2. <u>Pre-Discovery Disclosures</u>. The information required by Fed. R. Civ. P. 26(a)(1) [X] has been exchanged [] will be exchanged.

3. <u>Discovery Plan</u>. The parties jointly propose to the court the following discovery plan: [*Use separate paragraphs or subparagraphs as necessary if parties disagree*.]

The parties jointly request that bifurcated discovery be allowed in this matter. Because this is a nationwide class action, which will involve motion practice on class certification issues, both parties believe bifurcated discovery is warranted. If the Court were to agree, the applicable discovery deadlines would proceed as follows:

a) All discovery shall be commenced in time to be completed by no later than 90 days after a ruling on class certification. In the interest of judicial efficiency, the parties agree that discovery shall proceed in three phases. Each phase shall be limited in scope as described below:

1) Phase I: Fact Discovery on Plaintiffs Morris, Bui, and Williams which shall be completed by: January 31, 2020

2) Phase II: Discovery limited to Class Certification Issues which shall be completed by: July 15, 2020

3) Phase III: Class Discovery limited in scope to the claims and issues before the Court which shall be completed by: within 90 days after a ruling in Plaintiffs' favor on class certification, if any.

b) Discovery Limits:
1) Maximum of 30 interrogatories by each party to any other party.
2) Maximum of 30 requests for admission by each party to any other party.
3) Maximum of 10 non-expert depositions by each party on any other party.

Defendant proposes the following with respect to expert discovery:

c) Reports from retained experts under Rule 26(a)(2) for class certification purposes will be due:
-from Plaintiffs by August 21, 2020
-from Defendant by September 21, 2020
Supplementations under Rule 26(e) due October 5, 2020.
Reports from retained experts under Rule 26(a)(2) for trial purposes, to the extent the parties seek to retain different or additional experts than those designated in connection with the class certification motion, will be due:

-from Plaintiff within 21 days of a ruling on class certification.

-from Defendant within 30 days of Plaintiffs' designation of trial experts. Supplementations under Rule 26(e) due within 14 days of Defendant's designation of trial experts.

4. Other Items. [*Attach separate paragraphs as necessary if parties disagree.*]

a) The parties [X] request   [ ] do not request   a conference with the court before entry of the scheduling order.

b) The parties anticipate briefing on class certification. Plaintiffs' brief shall be due by August 15, 2020. Defendant's opposition will be due by September 30, 2020 and Plaintiffs' reply brief will be due on October 15, 2020. All potentially dispositive motions and other pretrial motions except for motions to continue and motions in limine shall be filed no later than 30 days after the close of Phase 3 discovery.

c) Settlement:
[ ] is likely
[ ] is unlikely
[ ] cannot be evaluated prior to
[X] may be enhanced by use of the following ADR procedure:

[ ] Mediated Settlement Conference
[ ] binding arbitration
[ ] judicial settlement conference
[X] other: <u>in a private mediation with a mutually agreed upon mediator</u>

The parties agree that the above selected ADR procedure would be most useful if conducted:

[ ] after resolution of any outstanding dispositive motions, but prior to further discovery;
[X] after an initial round of preliminary discovery, including initial disclosures. If a resolution is not reached at mediation, the parties request a second mediation after Plaintiffs have filed for class certification.
[ ] after the completion of discovery;
[ ] after resolution of summary judgment motions, if any
[ ] not applicable.

d) Final lists of witnesses and exhibits under Rule 26(a)(3) are due:

from Plaintiffs two weeks prior to class certification hearing and two weeks prior to trial.

from Defendant two weeks prior to class certification hearing and two weeks prior to trial.

e) If the case is ultimately tried, trial is expected to take approximately <u>5-7</u> days.

f) [X] The parties have discussed the issue of consent to the jurisdiction of a U.S. magistrate judge and do NOT consent to the exercise of jurisdiction by a magistrate judge.

5. Please identify any other matters regarding discovery or case management which may require the Court's attention (e.g., concerns re: confidentiality, protective orders, etc., unmovable scheduling conflicts).

<u>Protective Order</u>:

Discovery in this case should be governed by the protective order filed with the Court on June 16, 2019 upon entry of that order by the Court.

<u>Electronically Stored Information</u>:

The parties agree that electronically stored information exchanged in this case should be governed by an agreement by the parties.

/s/ David M. Wilkerson
Larry McDevitt
North Carolina Bar No. 5032
David M. Wilkerson
North Carolina Bar No. 35742
The Van Winkle Law Firm
11 North Market Street
Asheville, NC 28801
(828) 258-2991
dwilkerson@vwlawfirm.com
lmcdevitt@vwlawfirm.com

Jeffrey D. Kaliel
Sophia Gold
KALIEL PLLC
1875 Connecticut Ave., NW, 10th Floor
Washington, D.C. 20009
(202) 350-4783
jkaliel@kalielpllc.com
sgold@kalielpllc.com

James J. Pizzirusso
HAUSFELD LLP
1700 K St., NW, Ste 650
Washington, DC 20006
(202) 540-7154
jpizzirusso@hausfeld.com

*Attorneys for Plaintiff and the Putative Class*

s/ Brian A. Kahn
Brian A. Kahn
North Carolina Bar No. 29291
Jasmine K. Gardner
North Carolina Bar No. 47853
201 N. Tryon Street, Suite 3000
Charlotte, North Carolina 28202
(704) 343-2000 (Telephone)
(704) 343-2300 (Facsimile)
bkahn@mcguirewoods.com
jgardner@mcguirewoods.com

Cynthia C. Guerin (admitted pro hac vice)
Texas Bar No. 03802100
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
(469) 372-3906 (Telephone)
(214) 273-7485 (Facsimile)
cguerin@mcguirewoods.com

*Attorneys for Bank of America, N.A*

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this day served the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record in this matter.


Dated: July 1, 2019                     /s/ David M. Wilkerson
                                                   David M. Wilkerson