UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-157-RJC-DSC

| | |
|---|---|
| LISA MORRIS, MICHAEL BUI, TUMIKA WILLIAMS, ALBERT EDGE and KRISTEN VALPERGA, on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BANK OF AMERICA, N.A., | ) ) |
| Defendants. | ) ) |

ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, APPROVING FORM OF NOTICE, DIRECTING DISSEMINATION OF NOTICE, AND SCHEDULING FINAL FAIRNESS HEARING

**THIS MATTER** comes before the Court on Plaintiffs' Consent Motion for Preliminary Approval of the Settlement and Certification of the Settlement Class (the "Motion") and supporting documents. (Doc. No. 86).

The above-captioned action is pending before this Court. The parties having made application, pursuant to Federal Rule of Civil Procedure 23, for an Order approving Settlement of this Litigation, setting forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation upon the terms and conditions set forth therein; and the Court having read and considered the Motion and the related exhibits; and all defined terms herin having the same meaning as set forth in the Stipulation;

1

**IT IS, THREFORE, ORDERED** that:

1. The Settlement Agreement ("Settlement")[1] is preliminarily **approved** as fair, reasonable, and adequate. The Settlement appears to be the product of arm's-length negotiations between Class Counsel and counsel for Bank of America, N.A. ("BANA"). The Settlement was reached after two rounds of mediation facilitated by Judge Layn Phillips, and was preceded by three years of active litigation by both sides, including a contested motion to dismiss. The parties also engaged in extensive discovery, the production of tens of thousands of pages of documents and the depositions of witnesses by both sides, and third-party discovery via numerous subpoenas.

2. The Court conditionally certifies, for settlement purposes only, the following Settlement Classes:

> **Retry Transaction Class**: All holders of BANA consumer checking and/or savings accounts who, during the Class Period, paid and were not refunded a Retry Transaction Fee;
>
> **Intrabank Transaction Class**: All holders of BANA consumer checking and/or savings accounts who, during the Class Period, paid and were not refunded one or more Intrabank Transaction Fees; and
>
> **Fee Accrual Class**: All holders of BANA consumer checking and/or savings accounts who, during the Class Period, paid and were not refunded an OD and/or an NSF Fee on a consumer checking and/or savings account transaction that would not have been assessed if BANA had delayed the posting of previously assessed NSF/OD fees until the posting of a deposit that was

---

[1] The definitions and capitalized terms in the Settlement Agreement and Memorandum in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement and for Certification of Settlement Class are hereby incorporated as though fully set forth in this Order and shall have the same meanings attributed to them in those documents.

sufficient to cover those fees, all outstanding debit transactions and any additional debit transactions made that day.

The class period is July 1, 2014 through the date of this Order.

3. The Court finds, with respect to the Settlement, that the requirements of Rule 23 have been satisfied. In particular, the Court finds that under the Settlement: (a) members of the settlement classes are so numerous that joinder would be impracticable; (b) there are questions of law and fact common to the classes; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Classes and will continue to do so under the guidance of experienced counsel; (e) common questions of law and fact predominate over questions affecting individual Settlement Class members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Because this action is being settled rather than litigated, the Court concludes that the manageability issues that might arise in a trial of a nationwide class action are not presented here. See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997).

4. For the purposes of the Settlement and pursuant to Rule 23(a)(1), the Court finds that Plaintiffs Lisa Morris, Michael Bui, Tumika Williams, Albert Edge, and Kristen Valperga will fairly and adequately represent the interests of their respective Settlement Classes. The Class Representatives for each Settlement Class are as follows:

> **Retry Payment Class**: Morris, Bui, Edge, and Valperga
> **Intrabank Transaction Class**: Morris
> **Fee Accrual Class:** Williams

The Court appoints these Plaintiffs as Class Representatives for their respective Settlement Classes for the purpose of settlement.

5. For the purposes of the Settlement and pursuant to Rule 23(a)(1), the Court appoints David M. Wilkerson of The Van Winkle Law Firm, Jeffrey D. Kaliel of Kaliel Gold PLLC, James J. Pizzirusso of Hausfeld LLP as co-lead counsel, and Larry McDevitt of The Van Winkle Law Firm as liaison counsel.

6. The Court designates Epiq as Settlement Administrator to oversee the Settlement notice procedures. The Settlement Administrator shall abide by the terms and conditions of the Settlement that pertain to the Settlement Administrator.

7. Pursuant to Rule 23(e), the Court preliminarily approves the Settlement as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations; (b) free of collusion; and (c) within the range of possible final judicial approval, subject to further consideration at the Final Approval Hearing.

8. The Court approves, as to form and content, the Settlement Class Notice attached to Plaintiff's motion for the purpose of notifying the Settlement Classes as to the proposed Settlement, the Final Approval Hearing, and the rights of potential class members. The Court finds that the Settlement Class Notice is reasonable; constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and that it meets the requirements of due process and Rule 23. Specifically, the Court finds that the Settlement Class Notice complies with Rule 23(e) as it is a reasonable manner of providing notice to Settlement Class members who would be bound by the

Settlement. The Court also finds that the manner of dissemination of notice complies with Rule 23(c)(2), as it is the most practicable notice under the circumstances, provides individual notice to all Settlement Class members who can be identified through a reasonable effort, and is reasonably calculated under the circumstances to apprise Settlement Class members of the pendency of this Action, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Settlement Classes.

9. As soon as possible after the entry of this Order, but no later than sixty (60) days after entry of this Order, the Settlement Administrator will complete notice to the Settlement Classes as provided in the Settlement.

10. The Settlement Class Notices shall be updated by Plaintiffs and/or the Settlement Administrator to identify the Opt-Out and Objection Deadlines of 105 days after the entry of this Order, as well as the date and time of the Final Approval Hearing as set forth below.

11. Any person falling within the definition of any of the Settlement Classes may, upon request, be excluded from the Settlement by submitting to the Settlement Administrator at the physical address listed in the Notices, a written, signed, and dated statement that he or she is opting-out of the Settlement and understands that he or she will receive no money from the Settlement of this Action. To be effective, this opt-out statement (i) must be postmarked no later than the Opt-Out Deadline; (ii) include the Settlement Class member's name address, telephone number, and BANA account number(s); and (iii) be personally signed and dated by the Settlement

Class member. All persons who timely submit properly completed requests for exclusion shall have no rights under the Settlement and shall not share in the benefits of the Settlement and shall not be bound by the Settlement. Any members of the Settlement Classes who fail to submit a valid and timely opt-out request shall be bound by all terms of the Settlement and the Final Approval Order, regardless of whether they have requested to be opted-out from the Settlement.

12. Any person falling within the definitions of the Settlement Classes, and who does not opt-out from the Settlement, may object to the terms of the proposed Settlement as reflected in the Settlement, the certification of the Settlement Class, the entry of the Final Approval Order, the amount of attorneys' fees and expenses requested by Class Counsel, and/or the amount of the Service Awards requested by the Plaintiffs. To be valid and considered by the Court, an objection must (i) be postmarked no later than the Objection Deadline; (ii) be sent to the Clerk of Court and the Settlement Administrator, by first class mail and postmarked no later than the Objection Deadline; (iii) include the case name and case number and the objector's name, address, telephone number, and signature; (iv) contain an explanation of the nature of the objection and citation to any relevant legal authority; (v) indicate the number of times the objector has objected to a class action settlement in the past 5 years and the caption for any such case(s) and a copy of any orders related to or ruling upon the objector's prior objections issued by the trial and appellate courts in each case; (vi) identify any counsel representing the objector; (vii) identify the number of times in which the objector's counsel and/or counsel's law firm have objected to a class

action settlement within the five (5) years preceding the date of the filed objection (including the caption of each case and a copy of any orders related to or ruling upon counsel's or counsel's law firm's prior objections within the preceding five (5) years)); (viii) indicate whether the objector (whether pro se or through representation) intends to testify at the Final Approval Hearing.

13. Plaintiffs and BANA may file responses to any objections that are submitted. Any Settlement Class Member who timely files and serves an objection in accordance with this Order may appear at the Final Approval Hearing, either in person or through an attorney. Failure to adhere to the requirements of this section will bar a Settlement Class Member from being heard at the Final Approval Hearing, either individually or through an attorney, unless the Court otherwise orders.

14. Any Settlement Class Member who does not make his or her objections in the manner and by the date set forth above of this Order shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

15. All pretrial proceedings in this action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Agreement and this Preliminary Approval Order.

16. Upon the entry of this Order, the Class Representatives and Settlement Class members shall be provisionally enjoined and barred from asserting any claims against BANA arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement.

17. This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with the Settlement, shall not be construed or deemed to be evidence of an admission or concession by BANA of any liability or wrongdoing by BANA or any of its affiliates, agents, representatives, vendors, or any other person or entity acting on its behalf with respect to the assessment of NSF or OD Fees or that the case was properly brought as a class action, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief with respect to BANA's assessment of NSF or OD Fees. BABA may file the Settlement in any action or proceeding that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. The Settlement will not become effective unless the Court enters a Final Approval Order. If the Settlement does not receive Final Approval or the Effective Date does not come to pass, BANA shall have the right to terminate the Settlement and will have no further obligations under the Settlement unless BANA waives in writing its right to terminate the Settlement under this section. In addition, if the Settlement becomes null and void, BANA shall not be prejudiced in any way from opposing class certification in the Actions, and Plaintiffs and the Settlement Class members shall not use anything in the Settlement, in any terms sheet, or in the Preliminary Approval Order or Final Approval Order to support a motion for class

certification or as evidence of any wrongdoing by BANA. No Party shall be deemed to have waived any claims, objections, rights or defenses, or legal arguments or positions, including but not limited to, claims or objections to class certification, or claims or defenses on the merits. Each Party reserves the right to prosecute or defend the Actions in the event that this Settlement does not become final and binding.

19. The dates of performance contained herein may be extended by order of the Court, for good cause shown, without further notice to the Settlement Classes.

20. Plaintiffs' Motion for Final Approval of the Settlement must include the required and customary filings. In addition, the motion papers shall include:

    a. A declaration evidencing BANA's compliance with the Class Action Fairness Act notice requirement under 28 U.S.C. § 1715, including responses from any government officials to the notice.

    b. A declaration from the Settlement Administrator regarding compliance with its duties under the Settlement and this Order; a copy of the actual Notices (Email, Postcard, and Long Form) sent to the class; and a report on (1) the number of Settlement Class members to whom Email Notice was sent, (2) the number of returned undelivered email notices, (3) the number of Settlement Class members to whom Postcard Notices were initially sent, (4) an explanation of efforts to locate correct addresses for returned undelivered Postcard Notices after the first mailing, (5) the number of notices sent to the updated addresses in a second mailing, and (6) the number of such notices returned undelivered.

21. For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

22. Class Counsel and BANA Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement, including making, without further approval of the Court, minor changes to the form or content of the Settlement Class Notices, and other exhibits that they jointly agree are reasonable or necessary.

23. The Final Approval Hearing will be conducted at the U.S. District Court for the Western District of North Carolina, located at 401 West Trade Street, Charlotte , NC 28202 on **January 17, 2022, at 11:00 am** to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Classes; (b) whether the Final Approval Order should be entered in materially the same form as the Parties propose; (c) whether to approve any motion for attorneys' fees and costs and expenses and/or any application for Class Representative Service Awards; and (d) any other matters that may properly be brought before the Court in connection with the Settlement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Classes. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Classes.

24. The Parties must file all papers in support of Final Approval of the Settlement and in response to objections to the Settlement on or before 105 days after the date of entry of this Order ("Final Approval Motion Deadline"). Any motion for attorneys' fees and costs and expenses and/or any application for Class Representative Service Awards shall be filed within 70 days of entry of this Order.

25. The Court hereby sets the following schedule of events, all set from the date of this Order:

| Event | Calendar Days After Entry of This Order |
|---|---|
| Notice Complete | 60 days |
| Motion for Class Representatives' Service Awards and Attorneys' Fee and Expense Awards | 75 days |
| Opt-Out Deadline | 105 days |
| Objection Deadline | 105 days |
| Motion for Final Approval | 135 days |
| Final Approval Hearing | January 17, 2022 |

**SO ORDERED.**

Signed: July 29, 2021

*/s/ Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
United States District Judge