Ex. 4

to Fitzpatrick Declaration

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

CASE NO. 6:15-MN-02613-BHH
ALL CASES

IN RE: TD BANK, N.A. DEBIT CARD OVERDRAFT FEE LITIGATION

MDL No. 2613

**DECLARATION OF BRIAN T. FITZPATRICK**
IN SUPPORT OF PLAINTIFFS' AND CLASS COUNSEL'S REQUEST FOR SERVICE AWARDS, ATTORNEYS' FEES AND EXPENSES, AND CLASS ACTION ADMINISTRATION EXPENSES

1. I am a Professor of Law at Vanderbilt University in Nashville, Tennessee. I joined the Vanderbilt law faculty in 2007, after serving as the John M. Olin Fellow at New York University School of Law in 2005 and 2006. I graduated from the University of Notre Dame in 1997 and Harvard Law School in 2000. After law school, I served as a law clerk to The Honorable Diarmuid O'Scannlain on the United States Court of Appeals for the Ninth Circuit and to The Honorable Antonin Scalia on the United States Supreme Court. I also practiced law for several years in Washington, D.C., at Sidley Austin LLP. My C.V. is attached as Exhibit 1.

2. My teaching and research have focused on class action litigation. I teach the Civil Procedure, Federal Courts, and Complex Litigation courses at Vanderbilt. In addition, I have published a number of articles on class action litigation in such journals as the University of Pennsylvania Law Review, the Journal of Empirical Legal Studies, the Vanderbilt Law Review, the University of Arizona Law Review, and the NYU Journal of Law & Business. My work has been cited by numerous courts, scholars, and popular media outlets, such as the New York Times, USA Today, and the Wall Street Journal. I am also frequently invited to speak at

1

symposia and other events about class action litigation, such as the ABA National Institutes on Class Actions in 2011, 2015, 2016, 2017, and 2019, and the ABA Annual Meeting in 2012. Since 2010, I have also served on the Executive Committee of the Litigation Practice Group of the Federalist Society for Law & Public Policy Studies. In 2015, I was elected to the membership of the American Law Institute.

3.     In December 2010, I published an article in the Journal of Empirical Legal Studies entitled *An Empirical Study of Class Action Settlements and Their Fee Awards*, 7 J. Empirical L. Stud. 811 (2010) (hereinafter "Empirical Study"). This article is still the most comprehensive examination of federal class action settlements and attorneys' fees that has ever been published. Unlike other studies, which have been confined to securities cases or have been based on samples of cases that were not intended to be representative of the whole (such as settlements approved in published opinions), my study attempted to examine *every* class action settlement approved by a federal court over a two-year period, 2006-2007. *See id*. at 812-13. As such, not only is my study an unbiased sample of settlements, but the number of settlements included in my study is several times the number of settlements per year that has been identified in any other empirical study: over this two-year period, I found 688 settlements. *See id*. at 817. I presented the findings of my study at the Conference on Empirical Legal Studies at the University of Southern California School of Law in 2009, the Meeting of the Midwestern Law and Economics Association at the University of Notre Dame in 2009, and before the faculties of many law schools in 2009 and 2010. This study has been relied upon by a number of courts, scholars, and testifying experts.[1]

---

[1] *See, e.g., Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956, 958 (7th Cir. 2013) (relying on article to assess fees); *James v. China Grill Mgmt., Inc.*, 2019 WL 1915298, at *2 (S.D.N.Y. Apr. 30, 2019) (same); *Grice v. Pepsi Beverages Co.*, 363 F. Supp. 3d 401, 407 (S.D.N.Y. 2019) (same); *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 2018 WL 6250657, at *2 (S.D.N.Y.

2

4.    In order to assist the court with the fee award in this case, class counsel asked me to conduct a similar empirical study focused on class action cases against banks for illegal overdraft practices. To conduct this study, I followed a methodology like the one I used in my article described above. First, I started with a list of overdraft cases that I was already aware of from previous work as an expert in such cases. Second, I supplemented this list with overdraft cases known to class counsel. Third, my research assistant and I supplemented these lists with broad searches of 1) federal dockets on BloombergLaw (using the search "final approval" & ("overdraft fee" or "overdraft fees")); 2) trial court orders on Westlaw (((grant! /s final /s approval) ("overdraft fee" or "overdraft fees")) & TI(Bank "Credit Union")); 3) Google

---

Nov. 29, 2018) (same); *Rodman v. Safeway Inc.*, 2018 WL 4030558, at *5 (N.D. Cal. Aug. 23, 2018) (same); *Little v. Washington Metro. Area Transit Auth.*, 313 F. Supp. 3d 27, 38 (D.D.C. 2018) (same); *Hillson v. Kelly Servs. Inc.*, 2017 WL 3446596, at *4 (E.D. Mich. Aug. 11, 2017) (same); *Good v. W. Virginia-Am. Water Co.*, 2017 WL 2884535, at *23, *27 (S.D.W. Va. July 6, 2017) (same); *McGreevy v. Life Alert Emergency Response, Inc.*, 258 F. Supp. 3d 380, 385 (S.D.N.Y. 2017) (same); *Brown v. Rita's Water Ice Franchise Co. LLC*, 2017 WL 1021025, at *9 (E.D. Pa. Mar. 16, 2017) (same); *In re Credit Default Swaps Antitrust Litig.*, 2016 WL 1629349, at *17 (S.D.N.Y. Apr. 24, 2016) (same); *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 236 (N.D. Ill. 2016); *Ramah Navajo Chapter v. Jewell*, 167 F. Supp. 3d 1217, 1246 (D.N.M. 2016); *In re: Cathode Ray Tube (Crt) Antitrust Litig.*, 2016 WL 721680, at *42 (N.D. Cal. Jan. 28, 2016) (same); *In re Pool Products Distribution Mkt. Antitrust Litig.*, 2015 WL 4528880, at *19-20 (E.D. La. July 27, 2015) (same); *Craftwood Lumber Co. v. Interline Brands, Inc.*, 2015 WL 2147679, at *2-4 (N.D. Ill. May 6, 2015) (same); *Craftwood Lumber Co. v. Interline Brands, Inc.*, 2015 WL 1399367, at *3-5 (N.D. Ill. Mar. 23, 2015) (same); *In re Capital One Tel. Consumer Prot. Act Litig.*, 2015 WL 605203, at *12 (N.D. Ill. Feb. 12, 2015) (same); *In re Neurontin Marketing and Sales Practices Litigation*, 2014 WL 5810625, at *3 (D. Mass. Nov. 10, 2014) (same); *Tennille v. W. Union Co.*, 2014 WL 5394624, at *4 (D. Colo. Oct. 15, 2014) (same); *In re Colgate-Palmolive Co. ERISA Litig.*, 36 F.Supp.3d 344, 349-51 (S.D.N.Y. 2014) (same); *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 991 F. Supp. 2d 437, 444-46 & n.8 (E.D.N.Y. 2014) (same); *In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation*, 4 F. Supp. 3d 94, 111-12 (D.D.C. 2013) (same); *In re Vioxx Products Liability Litigation*, 2013 WL 5295707, at *3-4 (E.D. La. Sep. 18, 2013) (same); *In re Black Farmers Discrimination Litigation*, 953 F. Supp. 2d 82, 98-99 (D.D.C. 2013) (same); *In re Southeastern Milk Antitrust Litigation*, 2013 WL 2155387, at *2 (E.D. Tenn. May 17, 2013) (same); *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1081 (S.D. Tex. 2012) (same); *Pavlik v. FDIC*, 2011 WL 5184445, at *4 (N.D. Ill. Nov. 1, 2011) (same); *In re Black Farmers Discrimination Litig.*, 856 F. Supp. 2d 1, 40 (D.D.C. 2011) (same); *In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 792 F. Supp. 2d 1028, 1033 (N.D. Ill. 2011) (same); *In re MetLife Demutualization Litig.*, 689 F. Supp. 2d 297, 359 (E.D.N.Y. 2010) (same).

("overdraft" & "class action" & ("bank" or "credit union") and "approved"); and 4) topclassactions.com ("overdraft" "settlement" "final approval"). After examining all the "hits" from these searches, I generated a list of 69 fee awards in overdraft cases in both state and federal court since August 2010. I could not locate the court orders confirming the fee awards in two cases[2] and three of the awards were based on the "lodestar" method.[3] Because almost all the courts used the percentage method and the two methods are so different they are usually analyzed separately, *see* Fitzpatrick, *Empirical Study*, *supra*, at 832-39, my focus in this declaration will be on the 64 fee awards where I could locate the court orders and the court did not use the lodestar method.

5.     Table 1 appended to this declaration lists information about each of these 64 fee awards. The average fee was 30.5% with a standard deviation of 3.9%. The median was 30%, as was the mode (the most common fee percentage), with 19 awards equal to 30%.

6.     In order to visualize this data, in Figure 1, below, I graph the distribution of fee awards in the 64 cases. The Figure shows what fraction of settlements (y-axis) fall into each five-point fee percentage range (x-axis). The bar that the 30% fee request in this case falls into—30% (inclusive) to 35%—is depicted with a red arrow. As the Figure shows, this is *by far* the most populous range, with *three fourths* of all settlements falling within this range.

---

[2] These two cases are *Casey v. Orange County Credit Union*, No. 30-2013-00658493 (Orange Cty Sup. Ct. (CA), May 5, 2015) and *Gregory v. Cent. Pacific Bank*, No. 11-1-0457-03 (Honolulu Cty Cir. Ct. (HI), Oct. 27, 2011).

[3] The three lodestar awards were in *Gunter v. United Federal Credit Union*, No. 15-00483 (D. Nev., June 4, 2019); *Hernandez v. Point Loma Credit Union*, No. 37-2013-00053519 (S.D. County Sup. Ct. (CA), Sep. 7, 2017); *Gutierrez v. Wells Fargo Bank,* No. 07-05923 (N.D. Cal., Aug. 1, 2010).



Figure 1: Overdraft Fee Awards in Federal and State Court since 2010

7.  Another way to visualize the data is to plot each fee award as its own data point. In Figures 2 and 3, below, I do this, first plotting each fee award against the natural log of the size of the settlement in which the fee was awarded (I use the log transformation because the wide disparity in settlement amounts can otherwise obscure relationships between variables, *see* Fitzpatrick, *Empirical Study*, at 838), and second plotting each fee award against the date on which the award was entered. In each case, a red dot depicts the fee request here.

**Figure 2: Overdraft Fee Awards in Federal and State Court since 2010 versus Settlement Size**



6



**Figure 3: Overdraft Fee Awards in Federal and State Court since 2010 versus Date**

8.  Empirical scholars have often found that settlement size has a negative inverse effect on fee awards. *See* Fitzpatrick, *Empirical Study, supra*, at 837-38. In the 64 cases in the overdraft data, however, there is *no* statistically significant relationship between fee award and settlement size (p = .106). Figure 2 shows this graphically: fee awards do not appear to vary as settlement sizes increase.

9.  Although, of course, every case has its own unique facts and circumstances, in my opinion, the data shows that a fee award equal to 30% in an overdraft case would be well within the mainstream of fee awards.

10. It should also be noted that a 30% fee award would be lower than the contingent fees usually agreed to in the market for individual litigation. It is well known that standard

7

contingency-fee percentages in individual litigation are *at least* 33%. *See, e.g.*, Herbert M. Kritzer, *The Wages of Risk: The Returns of Contingency Fee Legal Practice*, 47 DePaul L. Rev. 267, 286 (1998) (reporting the results of a survey of Wisconsin lawyers, which found that "[o]f the cases with a [fee calculated as a] fixed percentage [of the recovery], a contingency fee of 33% was by far the most common, accounting for 92% of those cases"). Although the Kritzer study is based largely on unsophisticated clients, studies of sophisticated clients show much the same thing. The best of these studies comes from patent litigation. *See* David L. Schwartz, *The Rise of Contingent Fee Representation in Patent Litigation*, 64 Ala. L. Rev. 335 (2012). Professor Schwartz reports that, "[o]f the agreements using a flat fee reviewed for this Article, the mean rate was 38.6% of the recovery" and, "[o]f the agreements reviewed for this Article that used graduated rates, the average percentage upon filing was 28% and the average through appeal was 40.2%." *Id*. at 360.

11. My compensation for this declaration was a flat fee in no way contingent on the success of class counsel's fee petition.

Executed on this 13th day of November, 2019, at New York, NY.

By:     */s/ Brian T. Fitzpatrick*
             Brian T. Fitzpatrick

**Table 1: Overdraft Fee Awards in Federal and State Court since 2010**

| Case Name | Docket Number | Court | Final approval | Settlement Amount | Fee % | Notes |
|---|---|---|---|---|---|---|
| *Robinson v. First Hawaiian Bank* | 17-1-0167-01 | Hawaii Circuit Court | 8/8/19 | $4,125,000.00 | 33.00% | |
| *Sewell v. Wescom Credit Union* | BC586014 | Los Angeles County Superior Court (CA) | 5/31/19 | $3,243,365.00 | 33.33% | 1 |
| *Lloyd v. Navy Federal Credit Union* | 17-01280 | S.D.Cal. | 5/28/19 | $24,500,000.00 | 25.00% | |
| *Pantelyat v. Bank of America, N.A.* | 16-08964 | S.D.N.Y. | 1/31/19 | $22,000,000.00 | 25.00% | |
| *Bowens v. Mazuma Federal Credit Union* | 15-00758 | W.D. Mo. | 11/5/18 | $1,360,000.00 | 33.33% | |
| *Behrens v. Landmark Credit Union* | 17-00101 | W.D. Wisc. | 9/11/18 | $1,324,562.02 | 21.2% | 1, 2, 3 |
| *Farrell v. Bank of America, N.A.* | 16-00492 | S.D.Cal. | 8/31/18 | $66,600,000.00 | 21.77% | 1 |
| *Wodja v. Washington State Employees Credit Union* | 16-2-12148-4 | Pierce County Superior Court (WA) | 6/22/18 | $2,900,000.00 | 33.33% | |
| *Fernandez v. Altura Credit Union* | RIC1610873 | Riverside County Superior Court (CA) | 4/23/18 | $1,390,000.00 | 33.33% | |
| *Morton v. GreenBank* | 11-135-IV | Davidson County Chancery Court (TN) | 4/18/18 | $1,500,000.00 | 35.00% | |
| *Fry v. Midflorida Credit Union* | 15-02743 | M.D. Fl. | 2/23/18 | $3,525,000.00 | 31.90% | 2 |
| *Santiago v. Meriwest Credit Union* | 34-2015-00183730 | Sacramento County Superior Court (CA) | 2/22/18 | $697,000 | 33.33% | |
| *Ketner v. State Employees Credit Union of Maryland* | 15-03594 | D. Md. | 1/11/18 | $1,700,000.00 | 33.33% | |

9

| | | | | | | |
|---|---|---|---|---|---|---|
| *Glaske v. Independent Bank Corporation* | 9983 | Wayne County Circuit Court (MI) | 1/11/18 | $2,215,000.00 | 33.33% | |
| *Ramirez v. Baxter Credit Union* | 16-03765 | N.D. Ca. | 12/22/17 | $1,175,069.00 | 25.00% | 1 |
| *Lynch v. San Diego County Credit Union* | 37-2015-00008551 | San Diego County Superior Court (CA) | 11/22/17 | $2,200,000.00 | 33.33% | |
| *Towner v. 1st Midamerica Credit Union* | 15-01162 | S.D. Ill. | 11/9/17 | $500,000.00 | 33.33% | |
| *Hernandez v. Logix Federal Credit Union* | BC628495 | Los Angeles County Superior Court (CA) | 10/20/17 | $1,123,118.00 | 33.33% | 1 |
| *Lane v. Campus Federal Credit Union* | 16-00037 | M.D. La. | 8/21/17 | $200,000.00 | 33.33% | |
| *Gray v. Los Angeles Federal Credit Union* | BC625500 | Los Angeles County Superior Court (CA) | 6/26/17 | $350,000.00 | 33.33% | |
| *Moralez v. Kern Schools Federal Credit Union* | 15-100538 | Kern County Superior Court (CA) | 6/13/17 | $775,000.00 | 33.33% | |
| *Jacobs v. Huntington Bancshares Incorporated.* | 11-00090 | Lake County Court of Common Pleas (OH) | 6/2/17 | $15,975,000.00 | 40.00% | 1 |
| *Hawkins v. First Tennessee Bank, N.A.* | CT-004085-11 | Shelby County Circuit Court (TN) | 4/20/17 | $16,750,000.00 | 35.00% | |
| *In re: HSBC Bank USA, N.A.* | 650562/11 | New York Supreme Court | 10/17/16 | $32,000,000.00 | 25.00% | |
| *Bodnar v. Bank of America* | 14-03224 | E.D. Pa. | 8/4/16 | $27,500,000.00 | 33.33% | |
| *Swift v. BancorpSouth Bank* | 10-00090 | N.D.Fla. | 7/15/16 | $24,000,000.00 | 35.00% | |
| *Kelly v. Old National Bank* | 82C01-1012 | Vanderburgh Circuit Court (IN) | 6/13/16 | $4,750,000.00 | 40.00% | |
| *Manwaring v. Golden 1 Credit Union* | 34-2013-00142667 | Sacramento County Superior Court (CA) | 12/9/15 | $5,000,000.00 | 33.33% | |
| *Steen v. Capital* | 09-02036 | S.D.Fla. | 5/22/15 | $31,767,200.00 | 31.00% | |

| | | | | | | |
|---|---|---|---|---|---|---|
| *One* | | | | | | |
| *Childs v. Synovus Bank* | 09-02036 | S.D.Fla. | 4/2/15 | $3,750,000.00 | 30.00% | |
| *Given v. Manufacturers and Traders Trust Company a/k/a M&T Bank* | 09-02036 | S.D.Fla. | 3/13/15 | $4,000,000.00 | 30.00% | |
| *Anrendas v. Citibank Inc.* | 11-06462 | N.D. Ca. | 11/14/14 | $5,000,000.00 | 25.00% | |
| *Simmons v. Comerica Bank* | 09-02036 | S.D.Fla. | 6/10/14 | $14,580,000.00 | 30.00% | |
| *Lunsford v. Woodforest National Bank* | 12-00103 | N.D. Ga. | 5/19/14 | $7,750,000.00 | 33.00% | |
| *Mello v. Susquehanna Bank* | 09-02036 | S.D.Fla. | 4/1/14 | $3,680,000.00 | 28.26% | |
| *Jenkins v. Trustmark National Bank* | 12-00380 | S.D. Miss. | 3/25/14 | $4,000,000.00 | 33.33% | |
| *Barlow v. Zions First National Bank* | 11-00929 | D. Utah | 2/14/14 | $10,000,000.00 | 33.33% | |
| *Simpson v. Citizens Bank* | 12-10267 | E.D. Mi. | 1/31/14 | $2,000,000.00 | 33.00% | |
| *Waters v. U.S. Bank, N.A.* | 09-02036 | S.D.Fla. | 1/6/14 | $55,000,000.00 | 30.00% | |
| *Johnson v. Community Bank, N.A.* | 12-01405 | M.D. Pa. | 11/25/13 | $2,500,000.00 | 33.00% | |
| *Anderson v. Compass Bank* | 09-02036 | S.D.Fla. | 8/7/13 | $11,500,000.00 | 30.00% | |
| *Blahut v. Harris Bank, N.A.* | 09-02036 | S.D.Fla. | 8/5/13 | $9,400,000.00 | 30.00% | |
| *Casayuran v. PNC Bank, N.A.* | 09-02036 | S.D.Fla. | 8/5/13 | $90,000,000.00 | 30.00% | |
| *Harris v. Associated Bank, N.A.* | 09-02036 | S.D.Fla. | 8/2/13 | $13,000,000.00 | 30.00% | |
| *Wolfgeher v. Commerce Bank, N.A.* | 09-02036 | S.D.Fla. | 8/2/13 | $23,200,000.00 | 30.00% | 2 |
| *McKinley v. Great Western Bank* | 09-02036 | S.D.Fla. | 8/2/13 | $2,200,000.00 | 30.00% | |
| *Eno v. M&I Marshall & Ilsley Bank* | 09-02036 | S.D.Fla. | 8/2/13 | $4,000,000.00 | 30.00% | |
| *Mosser v. TD* | 09-02036 | S.D.Fla. | 3/18/13 | $62,000,000.00 | 30.00% | |
| *Duval v. Citizens* | 09-02036 | S.D.Fla. | 3/12/13 | $137,500,000.00 | 30.00% | |

| | | | | | | |
|---|---|---|---|---|---|---|
| *Lopez v. JPMorgan Chase Bank, N.A.* | 09-02036 | S.D.Fla. | 12/19/12 | $162,000,000.00 | 30.00% | 2 |
| *Orallo v. Bank of the West* | 09-02036 | S.D.Fla. | 12/18/12 | $18,000,000.00 | 30.00% | |
| *LaCour v. Whitney Bank* | 11-01896 | M.D. Fl. | 10/23/12 | $6,800,000.00 | 25.00% | |
| *Larsen v. Union* | 09-02036 | S.D.Fla. | 10/4/12 | $35,000,000.00 | 30.00% | |
| *Case v. Bank of OK* | 09-02036 | S.D.Fla. | 9/13/12 | $19,000,000.00 | 30.00% | |
| *Molina v. Intrust Bank* | 10-3686 | Sedgewick County Dist. Ct. (KS) | 5/21/12 | $2,759,641.00 | 33.33% | |
| *Casto v. City National Bank* | 10-1089 | Cir. Ct. Kanawha County (WV) | 5/10/12 | $6,866,000.00 | 30.00% | 4 |
| *Sachar v. IBERIABANK* | 09-02036 | S.D.Fla. | 4/26/12 | $2,500,000.00 | 27.50% | |
| *Tualava v. Bank of Hawaii* | 11-1-0337-02 | Honolulu County Circuit Court (HI) | 2/14/12 | $9,000,000.00 | 25.00% | |
| *Hawthorne v. Umpqua Bank* | 11-06700 | N.D.Ca. | 12/29/11 | $2,900,000.00 | 25.00% | |
| *Trombley v. National City Bank* | 10-00232 | D. D.C. | 12/1/11 | $13,800,000.00 | 22.00% | |
| *Tornes v. Bank of America, N.A.* | 09-02036 | S.D.Fla. | 11/22/11 | $410,000,000.00 | 30.00% | |
| *Trevino v. Westamerica* | 1003690 | Marin County (CA) | 11/16/11 | $2,000,000.00 | 25.00% | |
| *Schulte v. Fifth Third Bank* | 09-06655 | N.D. Ill. | 7/29/11 | $9,500,000.00 | 33.33% | |
| *Mathena v. Webster Bank NA* | 10-01448 | D. Conn. | 3/28/11 | $2,800,000.00 | 25.00% | |

Notes: some of the fee awards were inclusive of expenses and some were exclusive
1 = fee calculated from settlement amount that included debt forgiveness
2 = fee calculated from settlement amount that included future savings from changed practices
3 = fee calculated from settlement amount that excluded the fee award itself
4 = settlement amount included debt forgiveness but fee calculated from cash portion alone