UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| LISA MORRIS, MICHAEL BUI, TUMIKA WILLIAMS, ALBERT EDGE, and KRISTEN VALPERGA on behalf of themselves and all others similarly situated,<br><br>Plaintiff[s],<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No.: 3:18-CV-157-RJC-DSC<br><br><br>DECLARATION OF RACHEL MCCOWN REGARDING IMPLEMENTATION OF NOTICE AND SETTLEMENT ADMINISTRATION |

## DECLARATION OF RACHEL MCCOWN REGARDING IMPLEMENTATION OF NOTICE AND SETTLEMENT ADMINISTRATION

I, Rachel McCown, hereby declare and state as follows

1.      I am a Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq").  I have 3 years of experience handling all aspects of settlement administrations.  The statements of fact in this declaration are based on my personal knowledge and information provided to me by my colleagues in the ordinary course of business, and if called on to do so, I could and would testify competently thereto.

2.      Epiq was appointed by the Parties to be the Settlement Administrator pursuant to the Court's Order Granting Preliminary Approval of Settlement, Conditionally Certifying the Settlement Class, Approving Form of Notice, Directing Dissemination of Notice, and Scheduling Final Fairness Hearing (the "Order") dated July 29, 2021, and in accordance with the Stipulation and Settlement Agreement and Release dated May 12, 2021 (the "Agreement").[1] I submit this

---

[1] All capitalized terms not otherwise defined in this document shall have the same meanings ascribed to them in the Agreement

Declaration in order to advise the Parties and the Court regarding the implementation of the Court-approved Class Notice Program, and to report on Epiq's handling to date of the Settlement administration, in accordance with the Order and the Agreement.

3. Epiq was established in 1968 as a client services and data processing company. Epiq has administered bankruptcies since 1985 and settlements since 1993. Epiq has routinely developed and executed notice programs and administrations in a wide variety of mass action contexts including settlements of consumer, antitrust, products liability, and labor and employment class actions, settlements of mass tort litigation, Securities and Exchange Commission enforcement actions, Federal Trade Commission disgorgement actions, insurance disputes, bankruptcies, and other major litigation. Epiq has administered more than 4,500 settlements, including some of the largest and most complex cases ever settled. Epiq's class action case administration services include administering notice requirements, designing direct-mail notices, implementing notice fulfillment services, coordinating with the United States Postal Service ("USPS"), developing and maintaining notice websites and dedicated telephone numbers with recorded information and/or live operators, processing exclusion requests, objections, claim forms and correspondence, maintaining class member databases, adjudicating claims, managing settlement funds, and calculating claim payments and distributions. As an experienced neutral third-party administrator working with settling parties, courts, and mass action participants, Epiq has handled hundreds of millions of notices, disseminated hundreds of millions of emails, handled millions of phone calls, processed tens of millions of claims, and distributed hundreds of billions in payments.

## OVERVIEW OF ADMINISTRATION

4.     Pursuant to the Agreement and Order Epiq was appointed to provide, and did provide, the following administrative services for the benefit of Settlement Class Members, as they are defined in the Agreement:

- Send CAFA Notice to the appropriate Federal and State government officials;

- As appropriate, email a Notice to Class Members;

- As appropriate, mail a Postcard Notice to Class Members;

- Establish and maintain an official Settlement Website containing information about *Morris v. Bank of America* Settlement;

- Establish and maintain an official toll-free number that Settlement Class Members may contact for additional information about the Settlement;

- Review and process Opt Outs sent to or received by Epiq;

- Review and track objections sent to or received by Epiq;

## CLASS ACTION FAIRNESS ACT NOTICE

5.     As described in the attached *Declaration of Stephanie J. Fiereck, Esq. on Implementation of CAFA Notice* ("CAFA Declaration"), on May 21, 2021, Epiq sent a CAFA notice packet (or "CAFA Notice") to 60 federal and state officials as required by the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715.  The CAFA Notice was mailed by certified mail to 56 officials, which included the Attorney General of the United States and the Attorneys General of each of the 50 states, the District of Columbia, and the United States' Territories.  Epiq also sent the CAFA Notice to the Attorney General of the United States by United Parcel Service.  The CAFA Declaration is included as **Exhibit 1.**

**DATA TRANSFER**

6.    On August 19, 2021, Counsel for Defendant provided Epiq with one electronic file containing potential Class Member records.   The file contained 4,833,248 rows of names, addresses, and other relevant custom data for potential Class Members ("Class Data").  The Class Data included the Class Fees for each Class Member and an indication of current BANA accountholders and closed accountholders.

7.    Epiq loaded the information provided by Counsel into a database created for the purpose of administration of the proposed Settlement.  Epiq assigned unique identifiers to all the records it received in order to maintain the ability to track them throughout the Settlement administration process.  Epiq combined the data and removed invalid records that did not contain a valid mailing address or email address, which resulted in 4,833,234 unique and valid Class Member records (the "Class List").   Epiq identified 2,493,542 Class Members that are current accountholders of BANA and 2,339,692 Class Members with a closed BANA account.

**DISSEMINATION OF INDIVIDUAL CLASS NOTICE VIA EMAIL**

8.    Pursuant to Section 5.2.1 of the Agreement and Section 8 of the Order, Epiq was to cause the Court-approved Class Notice to be formatted for electronic distribution by email to Class Members for whom an email address was included in the Class Data and had agreed to receive account statements from Bank of America, N.A. ("BANA") electronically.  Attached hereto as **Exhibit 2** is a template of the Court-approved Class Notice that Epiq electronically disseminated to Class Members for whom an email address was provided in the Class Data and had agreed to receive account statements from BANA electronically ("Email Notice").  The Notice contained substantial, albeit easy to read, information that made potential Class Members aware of their

rights under the Settlement and provided instructions on how to obtain more information by visiting the Settlement website or toll-free number.

9.      The Email Notice, which was formatted for distribution using imbedded html text, provided Class Members with a link to the Settlement website.   The Email Notice was formatted with easy-to-read text without graphics, tables, images, and other elements that would increase the likelihood that the message could be blocked by Internet Service Providers and/or SPAM filters. Epiq also followed standard email protocols, including utilizing "unsubscribe' links and Epiq's contact information in the Email Notice.

10.      Before sending the Email Notice, Epiq caused to be validated the 2,028,196 potential Class Member email addresses in the Class Data.  Epiq did this by contacting the internet service providers ("ISPs") associated with each email address to confirm that the email address still existed and was valid.  Upon reaching out and completing the validation process with each of the ISPs, Epiq was informed that 2,004,659 email addresses in the Class Data were potentially valid and received positive confirmation that 23,537 email addresses in the Class Data were invalid or no longer existed.

11.       Epiq sent the Email Notice to the 2,004,659 potentially valid email addresses between September 24, 2021 and September 27, 2021.  Each Email Notice was transmitted with a unique message identifier.  If the receiving e-mail server could not deliver the message, a "bounce code" was returned along with the unique message identifier.

12.      For all Class Members with potentially valid email addresses in the Class Data, Epiq closely monitored all deliverability attempts of the Email Notice throughout the Email Notice campaign.  A total of 1,965,734 Email Notices were delivered. For the 38,925 Email Notices that could not be delivered, 24,810 of them were undeliverable because the email address no longer

existed, the email account was closed, or the email address had a bad domain name or address error (collectively, "Hard Bouncebacks"). After three attempts, the remaining 14,115 Email Notices could not be delivered due to an inactive or disabled account, the recipient's mailbox was full, technical autoreplies, or the recipient server was busy or unable to deliver (collectively, "Soft Bouncebacks"). Ultimately, Epiq was able to deliver direct Email Notice to over 96.9% of the email addresses provided in the Class Data.

13.     Pursuant to Section 5.2.1 of the Agreement, Epiq will send the Postcard Notice to each of the 62,462 email addresses that were either invalid or "bounced" back as undeliverable in the email campaign effort and had a valid physical mailing address on file.

**DISSEMINATION OF THE INDIVIDUAL CLASS NOTICE BY POSTAL MAIL**

14.     Pursuant to Section 5.2.2 of the Agreement and Section 8 of the Order, Epiq was responsible for sending the Postcard Notice via U.S. First Class Mail to all potential Class Members who are current accountholders of BANA who have not agreed to receive account statements electronically, or who are no longer BANA accountholders. Attached hereto as **Exhibit 3** is the Postcard Notice that Epiq disseminated by mail ("Notice").

15.     Prior to mailing the Notice to the Class List, all mailing addresses were checked against the National Change of Address ("NCOA") database maintained by the United States Postal Service ("USPS").[2] In addition, the addresses were processed via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses. To the extent that any Class Member had filed a USPS change of address request, and the address was certified and verified, the current

---

[2] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.

address listed in the NCOA database was used in connection with the Notice mailing. This address updating process is standard for the industry and for the majority of promotional mailings that occur today. A total of 453,151 records in the Class List sent through the USPS NCOA, CASS, and DPV process were updated with new addresses.

16. Prior to commencing any mailings for this matter, Epiq established a dedicated post office box to mail notice from and to allow Class Members to contact the Settlement Administrator or submit documents by mail. Epiq has and will continue to maintain the P.O. Box throughout the administration process.

17. On September 27, 2021, Epiq mailed 2,805,038 Notices via First Class USPS Mail to potential Class Members on the Class List with a valid mailing address. In addition, a Long Form Notice has been mailed via First Class U.S. Mail to all persons who submitted a request for one. As of October 12, 2021, 61 Long Form Notices have been mailed as a result of such requests. Attached hereto as **Exhibit 4** is the Long Form Notice that Epiq disseminated by mail.

18. The return address on the Notices is the post office box maintained by Epiq. As of October 12, 2021, 47,448 Notices have been returned by the USPS with forwarding information and promptly re-mailed to the forwarding address.

19. As of October 12, 2021, a total of 234,021 Notices have been returned to Epiq without forwarding address information. As a result of skip trace searches performed by Epiq using a third-party lookup service, a total of 91,946 addresses were updated and re-mailed to the updated addresses. Address updating and re-mailing for undeliverable Notices is ongoing and will continue through forty-five (45) calendar days following the last date the last Class Notice was mailed.

20.     As of October 12, 2021, Epiq has mailed and/or emailed Notice to 4,833,234 Class Members, with Notice to 196,445 unique Class Members currently known to be undeliverable, which is a 95.9% deliverable rate to the Class.

## SETTLEMENT WEBSITE

21.     Pursuant to Section 5.2.8 of the Agreement, on September 24, 2021, Epiq launched a website, www.NSFODSettlement.com, that potential Class Members could visit to obtain additional information about the proposed Settlement, as well as important documents, including the Long Form Notice, Settlement Agreement, Preliminary Approval Order, and any other relevant information that the parties agree to provide or that the Court may require ("Website"). The Website contains a summary of options available to Class Members, deadlines to act, and provides answers to frequently asked questions.  References to the Website were prominently displayed in the Email Notice, Postcard Notice and Long Form Notice.

22.     As of October 12, 2021, the Website has been visited by 80,492 unique visitors and 134,588 website pages have been viewed.  Epiq has maintained and will continue to maintain and update the Website throughout the administration of the proposed Settlement.

## TOLL-FREE INFORMATION LINE

23.     On September 20, 2021, Epiq established and is maintaining a toll-free interactive Voice Response Unit ("VRU"), 1-855-654-0890, to provide information and accommodate inquiries from Class Members.  Callers hear an introductory message and then are provided with scripted information about the Settlement in the form of recorded answers to frequently asked questions.  Callers also have the option of requesting a Long Form Notice by mail.  The toll-free number was included in the Notice sent to Class Members and the automated telephone system is available 24 hours per day, 7 days per week.

24.     As of October 12, 2021, the toll-free number has received 35,717 calls representing 88,328 total minutes.  Epiq has and will continue to maintain and update the VRU throughout the Settlement administration process.

## REQUESTS FOR EXCLUSION

25.     Pursuant to Section 9.1 of the Agreement, Class Members who wished to be excluded from the Settlement were required to mail a written Opt Out to Epiq postmarked on or before November 11, 2021.  As of October 12, 2021, Epiq has received five timely and potentially valid opt out requests.  A report listing the five timely requests received to date is attached hereto as **Exhibit 5**.

## OBJECTIONS RECIEVED

26.     Pursuant to Section 9.4 or the Agreement, Class Members who wished to object to the Settlement were required to submit written objections to the Clerk of the Court, Counsel for the Defendant, and Class Counsel, such that they were filed or received on or before the objection deadline of November 11, 2021.  As of October 12, 2021, Epiq is aware of or has received zero timely written objections to the Settlement.

I declare under penalty of perjury under the laws of the United States and the State of North Carolina that the foregoing is true and correct and that this declaration was executed on October 12, 2021, in Portland, Oregon.

Rachel McCown
Project Manager
Epiq Class Action & Claims Solutions, Inc. ("Epiq")

# Exhibit 1

| | |
|---|---|
| LISA MORRIS, MICHAEL BUI, TUMIKA WILLIAMS, ALBERT EDGE and KRISTEN VALPERGA on behalf of themselves and all others similarly situated, | Case No. 3:18-CV-157-RJC-DSC |
| Plaintiffs, | |
| vs. | |
| BANK OF AMERICA, N.A., | |
| Defendant. | |

**DECLARATION OF STEPHANIE J. FIERECK, ESQ. ON IMPLEMENTATION OF CAFA NOTICE**

I, STEPHANIE J. FIERECK, ESQ., hereby declare and state as follows:

1.    My name is Stephanie J. Fiereck, Esq.  I am over the age of 21 and I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.    I am the Legal Notice Manager for Epiq Class Action & Claims Solutions, Inc. ("Epiq"), a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans.

3.    Epiq is a firm with more than 20 years of experience in claims processing and settlement administration.  Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notices, establishment of fulfillment services, receipt and processing of opt-outs, coordination with the United States Postal Service, claims database management, claim adjudication, funds management and distribution services.

4.    The facts in this Declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Epiq.

DECLARATION OF STEPHANIE J. FIERECK, ESQ. ON IMPLEMENTATION OF CAFA NOTICE

## CAFA NOTICE IMPLEMENTATION

5.      At the direction of counsel for the Defendant Bank of America, N.A., 60 officials, which included two offices of the Office of the Comptroller of the Currency, the Consumer Financial Protection Bureau, the Attorney General of the United States, and the Attorneys General of each of the 50 states, the District of Columbia, and the United States Territories were identified to receive the CAFA notice.

6.      Epiq maintains a list of these federal and state officials with contact information for the purpose of providing CAFA notice.  Prior to mailing, the names and addresses selected from Epiq's list were verified, then run through the Coding Accuracy Support System ("CASS") maintained by the United States Postal Service ("USPS").[1]

7.      On May 21, 2021, Epiq sent 60 CAFA Notice Packages ("Notice").  The Notice was mailed via USPS Certified Mail to 56 officials, including the Attorneys General of each of the 50 states, the District of Columbia and the United States Territories.  The Notice was also sent via United Parcel Service ("UPS") to two offices of the Office of the Comptroller of the Currency, the Consumer Financial Protection Bureau, and the Attorney General of the United States.  The CAFA Notice Service List (USPS Certified Mail and UPS) is included as **Attachment 1**.

8.      The materials sent to the federal and state officials included a cover letter, which provided notice of the proposed settlement of the above-captioned case.  The cover letter is included as **Attachment 2**.

9.      The cover letter was accompanied by a CD, which included the following:

---

[1] CASS improves the accuracy of carrier route, 5-digit ZIP®, ZIP + 4® and delivery point codes that appear on mail pieces.  The USPS makes this system available to mailing firms who want to improve the accuracy of postal codes, i.e., 5-digit ZIP®, ZIP + 4®, delivery point (DPCs), and carrier route codes that appear on mail pieces.

a.      Class Action Complaints and Amended Complaints and related materials;

b.      Motion for Preliminary Approval and related materials, including [Proposed] Order Granting Preliminary Approval;

c.      Proposed Class Notices;

d.      Stipulation and Settlement Agreement (with exhibits);

e.      Notice of Voluntary Dismissal; and

f.      Judicial Opinions related Settlement.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 21, 2021.

Stephanie J. Fiereck, Esq.

# Attachment 1

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| US Department of Justice | Merrick B. Garland | 950 Pennsylvania Ave NW | | Washington | DC | 20530 |
| Office of the Comptroller of the Currency | Darrin Benhart | 201 North Tryon St | 19th Floor | Charlotte | NC | 28202 |
| Office of the Comptroller of the Currency | Greg Taylor | 400 7th St SW | | Washington | DC | 20219 |
| Consumer Financial Protection Bureau | Dave Uejio | 1700 G Street NW | | Washington | DC | 20552 |

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of the Attorney General | Treg Taylor | PO Box 110300 | | Juneau | AK | 99811 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | | Montgomery | AL | 36130 |
| Office of the Attorney General | Leslie Carol Rutledge | 323 Center St | Suite 200 | Little Rock | AR | 72201 |
| Office of the Attorney General | Mark Brnovich | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Law Section | 455 Golden Gate Ave Ste 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Phil Weiser | Ralph L Carr Colorado Judicial Center | 1300 Broadway 10th Fl | Denver | CO | 80203 |
| Office of the Attorney General | William Tong | 55 Elm St | | Hartford | CT | 06106 |
| Office of the Attorney General | Karl A. Racine | 400 6th St NW | | Washington | DC | 20001 |
| Office of the Attorney General | Kathy Jennings | Carvel State Office Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Ashley Moody | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | Clare E. Connors | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Thomas J Miller | 1305 E Walnut St | | Des Moines | IA | 50319 |
| Office of the Attorney General | Lawrence G Wasden | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Kwame Raoul | 100 W Randolph St | | Chicago | IL | 60601 |
| Indiana Attorney General's Office | Todd Rokita | Indiana Government Center South | 302 W Washington St 5th Fl | Indianapolis | IN | 46204 |
| Office of the Attorney General | Derek Schmidt | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Daniel Cameron | 700 Capitol Avenue | Suite 118 | Frankfort | KY | 40601 |
| Office of the Attorney General | Jeff Landry | PO Box 94005 | | Baton Rouge | LA | 70804 |
| Office of the Attorney General | Maura Healey | 1 Ashburton Pl | | Boston | MA | 02108 |
| Office of the Attorney General | Brian E. Frosh | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Aaron Frey | 6 State House Station | | Augusta | ME | 04333 |
| Department of Attorney General | Dana Nessel | PO Box 30212 | | Lansing | MI | 48909 |
| Office of the Attorney General | Keith Ellison | 445 Minnesota St | Suite 1400 | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Eric Schmitt | 207 West High Street | PO Box 899 | Jefferson City | MO | 65102 |
| MS Attorney General's Office | Lynn Fitch | Walter Sillers Bldg | 550 High St Ste 1200 | Jackson | MS | 39201 |
| Office of the Attorney General | Austin Knudsen | Department of Justice | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Josh Stein | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Wayne Stenehjem | State Capitol | 600 E Boulevard Ave Dept 125 | Bismarck | ND | 58505 |
| Nebraska Attorney General | Doug Peterson | 2115 State Capitol | PO Box 98920 | Lincoln | NE | 68509 |
| Office of the Attorney General | John Formella | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Gurbir S Grewal | 25 Market Street | 8th Fl West Wing | Trenton | NJ | 08625 |
| Office of the Attorney General | Hector Balderas | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | Aaron Ford | 100 N Carson St | | Carson City | NV | 89701 |
| Office of the Attorney General | Letitia James | The Capitol | | Albany | NY | 12224 |
| Office of the Attorney General | Dave Yost | 30 East Broad Street | 14th Floor | Columbus | OH | 43215 |
| Office of the Attorney General | Mike Hunter | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Josh Shapiro | 16th Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter F Neronha | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | PO Box 11549 | | Columbia | SC | 29211 |
| Office of the Attorney General | Jason Ravnsborg | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Herbert H. Slatery III | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | 300 W 15th St | | Austin | TX | 78701 |
| Office of the Attorney General | Sean D. Reyes | PO Box 142320 | | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Mark R. Herring | 202 North Ninth Street | | Richmond | VA | 23219 |
| Office of the Attorney General | TJ Donovan | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | 800 Fifth Avenue | Suite 2000 | Seattle | WA | 98104 |
| Office of the Attorney General | Josh Kaul | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex | Bldg 1 Room E 26 | Charleston | WV | 25305 |
| Office of the Attorney General | Bridget Hill | 2320 Capitol Avenue | | Cheyenne | WY | 82002 |
| Department of Legal Affairs | Fainu'ulei Falefatu Ala'ilima-Utu | Executive Office Building 3rd Floor | PO Box 7 | Utulei | AS | 96799 |
| Attorney General Office of Guam | Leevin T Camacho | Administration Division | 590 S Marine Corps Dr Ste 901 | Tamuning | GU | 96913 |
| Office of the Attorney General | Edward Manibusan | Administration Bldg | PO Box 10007 | Saipan | MP | 96950 |
| PR Department of Justice | Domingo Emanuelli Hernández | PO Box 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Denise N. George | 34-38 Kronprindsens Gade | GERS Bldg 2nd Fl | St Thomas | VI | 00802 |

# Attachment 2

**McGuireWoods LLP**
201 North Tryon Street
Suite 3000
Charlotte, NC 28202-2146
Tel 704.343.2351
Fax 704.444.8869
www.mcguirewoods.com

# McGuireWoods

May 21, 2021

**VIA UPS & USPS CERTIFIED MAIL**

Mr. Darrin Benhart
Deputy Examiner in Charge
Office of the Comptroller of the Currency
201 North Tryon Street
19th Floor
Charlotte NC 28202

Mr. Greg Taylor
Director, Litigation Division
Office of the Comptroller of the Currency
400 7th Street, S.W.
Washington, DC 20219

Re:     ***Lisa Morris, Michael Bui, Tumika Williams, Albert Edge, and Kristen Valperga, on behalf of themselves and others similarly situated, v. Bank of America, N.A., Case No. 3:18-cv-157-RJC-DSC***

Dear Messrs. Benhart and Taylor:

We represent defendant Bank of America, N.A. ("BANA") in the above-captioned action (the "*Morris* Action"). Pursuant to 28 U.S.C. § 1715, this notice is to inform you of a proposed class action settlement of the *Morris* Action – a lawsuit currently pending in the United States District Court for the Western District of North Carolina (Conrad, J.), concerning plaintiffs' challenges to certain fees charged to BANA customers for certain transactions and BANA's fee posting order.

In accordance with 28 U.S.C. § 1715(b), BANA states as follows:

1)      The original complaint and amended complaints in the *Morris* Action, as well as all attachments thereto, and are contained on the enclosed CD, as well as the class action complaint in *Kristen Valperga, an individual, on behalf of herself, and all others similarly situated v. Bank of America, N.C.,* Case No. 3:18--cv-06724-RS, (the "*Valperga* Action," which action was dismissed without prejudice, and Plaintiff Valperga added as a named plaintiff and proposed class representative in the *Morris* Action), are included on the enclosed CD. In addition, the original complaint, amended complaints, and all other pleadings and records filed in the Patti's Pitas Action are available on the Internet through the federal government's Pacer service at https://ecf.ncwd.uscourts.gov/cgi-bin/login.pl. Additional information about the Pacer service may be found at https://pcl.uscourts.gov.

Atlanta | Austin | Baltimore | Brussels | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London | Los Angeles - Century City
Los Angeles - Downtown | New York | Norfolk | Pittsburgh | Raleigh | Richmond | San Francisco | Tysons | Washington, D.C. |

Case 3:18-cv-00157-RJC-DSC   Document 89-8   Filed 10/12/21   Page 18 of 36

2)      At this time, the Court has not ruled on preliminary approval of the parties' proposed class action settlement ("Preliminary Approval Order"). The motion seeking preliminary approval, along with all of the attachments to it, is included on the enclosed CD. The hearing on the motion for preliminary approval has not yet been scheduled. At this time, the hearing for final approval of the settlement also has not been scheduled.

3)      The proposed form of direct notices to class members, which provides notice of the proposed settlement and each class member's right to request exclusion from the class action, are included on the enclosed CD.

4)      The parties' proposed class action settlement agreement dated as May 12, 2021, including all exhibits ("Settlement Agreement"), is included on the enclosed CD. The proposed Preliminary Approval Order asks the Court to find that the proposed settlement is "(a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations; (b) free of collusion; and (c) within the range of possible final judicial approval, subject to further consideration at the Final Approval Hearing." There are no additional agreements between class counsel and counsel for BANA, other than those reflected in the Settlement Agreement.

5)      The Notice of Voluntary Dismissal without prejudice filed in the Valperga Action is included on the enclosed CD.

6)      The share of claims at issue in the *Morris* Action as well as all of the benefits contemplated in the Settlement Agreement pertain to residents of all 50 states. At this juncture, it is not feasible to provide the name and state of residence for each class member covered by the proposed settlement. The Settlement Agreement contemplates that the Class List would include all customers who fall within the class definitions through the date of the Preliminary Approval Order, which has not been entered yet. BANA's best current estimate of the class size is that it consists of individuals associated with approximately 5,997,641 customer accounts.

The proportionate share of the settlement amount that each class member is eligible to receive is dependent on the number of non-refunded class fees charged to the class member and applying the allocation formula attached to the Settlement Agreement, as well as certain matters to be determined by the Court at the final approval hearing (including, for example, the amount of the attorneys' fees and litigation costs, if any, to award to class counsel and the amount of any class representative awards to plaintiffs), whether certain class members cannot

be located, and certain other matters that will not be known until the time of the final approval hearing (including, for example, the number of class members who request exclusion from the *Morris* Action).

Additionally, BANA has agreed to cease assessing insufficient or overdraft fees on automated clearinghouse entries labeled retry payments by a merchant for a period of at least five (5) years.

7)    No written judicial opinions have been issued relating to the proposed settlement as of this date.

Thank you for your attention to this matter.

Sincerely,

**MᴄGᴜɪʀᴇWᴏᴏᴅs LLP**

Brian A. Kahn

*Counsel for Bank of America, N.A.*

CC:  All Addressees Listed in Attachment A hereto.
Enclosure – CD

Atlanta | Austin | Baltimore | Brussels | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London | Los Angeles - Century City
Los Angeles - Downtown | New York | Norfolk | Pittsburgh | Raleigh | Richmond | San Francisco | Tysons | Washington, D.C. | Wilmington

Case 3:18-cv-00157-RJC-DSC   Document 89-8   Filed 10/12/21   Page 20 of 36

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| US Department of Justice | Merrick B. Garland | 950 Pennsylvania Ave NW | | Washington | DC | 20530 |
| Consumer Financial Protection Bureau | Dave Uejio | 1700 G Street NW | | Washington | DC | 20552 |
| Office of the Attorney General | Treg Taylor | PO Box 110300 | | Juneau | AK | 99811 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | | Montgomery | AL | 36130 |
| Office of the Attorney General | Leslie Carol Rutledge | 323 Center St | Suite 200 | Little Rock | AR | 72201 |
| Office of the Attorney General | Mark Brnovich | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Law Section | 455 Golden Gate Ave Ste 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Phil Weiser | Ralph L Carr Colorado Judicial Center | 1300 Broadway 10th Fl | Denver | CO | 80203 |
| Office of the Attorney General | William Tong | 55 Elm St | | Hartford | CT | 06106 |
| Office of the Attorney General | Karl A. Racine | 400 6th St NW | | Washington | DC | 20001 |
| Office of the Attorney General | Kathy Jennings | Carvel State Office Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Ashley Moody | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | Clare E. Connors | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Thomas J Miller | 1305 E Walnut St | | Des Moines | IA | 50319 |
| Office of the Attorney General | Lawrence G Wasden | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Kwame Raoul | 100 W Randolph St | | Chicago | IL | 60601 |
| Indiana Attorney General's Office | Todd Rokita | Indiana Government Center South | 302 W Washington St 5th Fl | Indianapolis | IN | 46204 |
| Office of the Attorney General | Derek Schmidt | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Daniel Cameron | 700 Capitol Avenue | Suite 118 | Frankfort | KY | 40601 |
| Office of the Attorney General | Jeff Landry | PO Box 94005 | | Baton Rouge | LA | 70804 |
| Office of the Attorney General | Maura Healey | 1 Ashburton Pl | | Boston | MA | 02108 |
| Office of the Attorney General | Brian E. Frosh | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Aaron Frey | 6 State House Station | | Augusta | ME | 04333 |
| Department of Attorney General | Dana Nessel | PO Box 30212 | | Lansing | MI | 48909 |
| Office of the Attorney General | Keith Ellison | 445 Minnesota St | Suite 1400 | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Eric Schmitt | 207 West High Street | PO Box 899 | Jefferson City | MO | 65102 |
| MS Attorney General's Office | Lynn Fitch | Walter Sillers Bldg | 550 High St Ste 1200 | Jackson | MS | 39201 |
| Office of the Attorney General | Austin Knudsen | Department of Justice | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Josh Stein | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Wayne Stenehjem | State Capitol | 600 E Boulevard Ave Dept 125 | Bismarck | ND | 58505 |
| Nebraska Attorney General | Doug Peterson | 2115 State Capitol | PO Box 98920 | Lincoln | NE | 68509 |
| Office of the Attorney General | John Formella | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Gurbir S Grewal | 25 Market Street | 8th Fl West Wing | Trenton | NJ | 08625 |
| Office of the Attorney General | Hector Balderas | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | Aaron Ford | 100 N Carson St | | Carson City | NV | 89701 |
| Office of the Attorney General | Letitia James | The Capitol | | Albany | NY | 12224 |
| Office of the Attorney General | Dave Yost | 30 East Broad Street | 14th Floor | Columbus | OH | 43215 |
| Office of the Attorney General | Mike Hunter | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Josh Shapiro | 16th Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter F Neronha | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | PO Box 11549 | | Columbia | SC | 29211 |
| Office of the Attorney General | Jason Ravnsborg | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Herbert H. Slatery III | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | 300 W 15th St | | Austin | TX | 78701 |
| Office of the Attorney General | Sean D. Reyes | PO Box 142320 | | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Mark R. Herring | 202 North Ninth Street | | Richmond | VA | 23219 |
| Office of the Attorney General | TJ Donovan | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | 800 Fifth Avenue | Suite 2000 | Seattle | WA | 98104 |
| Office of the Attorney General | Josh Kaul | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex | Bldg 1 Room E 26 | Charleston | WV | 25305 |
| Office of the Attorney General | Bridget Hill | 2320 Capitol Avenue | | Cheyenne | WY | 82002 |
| Department of Legal Affairs | Fainu'ulei Falefatu Ala'ilima-Utu | Executive Office Building 3rd Floor | PO Box 7 | Utulei | AS | 96799 |
| Attorney General Office of Guam | Leevin T Camacho | Administration Division | 590 S Marine Corps Dr Ste 901 | Tamuning | GU | 96913 |
| Office of the Attorney General | Edward Manibusan | Administration Bldg | PO Box 10007 | Saipan | MP | 96950 |
| PR Department of Justice | Domingo Emanuelli Hernández | PO Box 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Denise N. George | 34-38 Kronprindsens Gade | GERS Bldg 2nd Fl | St Thomas | VI | 00802 |

# Exhibit 2

FROM: $$EMAIL ADDRESS$$
TO: $$EMAIL ADDRESS$$
RE: LEGAL NOTICE OF CLASS ACTION SETTLEMENT

IF YOU HAD A CHECKING AND/OR SAVINGS ACCOUNT WITH BANK OF AMERICA, N.A., AND PAID CERTAIN OVERDRAFT FEE OR NSF FEES **BETWEEN JULY 1, 2014, AND JULY 29, 2021**, YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

**The District Court for the Western District of North Carolina has authorized this Notice. It is not a solicitation from a lawyer.**

**PLEASE READ THIS NOTICE FULLY AND CAREFULLY; THE PROPOSED SETTLEMENT MAY AFFECT YOUR RIGHTS**

*For more information, including a more detailed description of your rights and options, please click here or visit www.NSFODSettlement.com.*

A Settlement has been reached with Bank of America, N.A ("BANA") in a class action lawsuit about fees related to certain transaction types that were charged on accounts from **July 1, 2014, through July 29, 2021.**

**Who is included?** BANA records indicate that you are a **"Settlement Class Member"** in this Settlement because you are in one or more of the following Settlement Classes. The first Settlement Class consists of all holders of a BANA consumer checking and/or savings accounts who, during the Class Period, paid and were not refunded a Retry Transaction Fee. Retry Transaction Fees are insufficient fund ("NSF") and/or overdraft ("OD") fees that were assessed on an automated clearinghouse ("ACH") transaction from a consumer checking account that a merchant resubmitted to BANA after the merchant's first request for payment was declined. In other words, you are in the first Settlement Class if you paid more than one NSF or OD Fee for the same attempted ACH payment based on a merchant's request for that payment more than once. The second Settlement Class consists of all holders of a BANA consumer checking and/or savings accounts who, during the Class Period, paid and were not refunded one or more NSF or OD Fees on an ACH payment from their consumer checking account to another BANA account, like a mortgage or credit card. These are referred to as Intrabank Transaction Fees. The third Settlement Class consists of all holders of a BANA consumer checking and/or savings accounts who, during the Class Period, paid and were not refunded an NSF and/or OD Fee on a consumer checking and/or savings account transaction that would not have been assessed if BANA had delayed the posting of previously assessed NSF/OD Fees. These are referred to as Fee Accrual Claim Fees.

**What does the Settlement provide?** BANA will create a $75,000,000 Settlement Fund. After deducting Attorneys' Fees and costs, Service Awards to the Class Representatives, and the costs to administer the Settlement, the balance of the Settlement Fund will be divided pro rata among all Settlement Class Members. In addition, BANA has agreed, for a period of at least five years, to change certain practices and stop assessing fees on Retry Transactions. BANA will implement changes to its consumer account disclosures.

**What are my options?** If you do nothing and the Settlement is approved and becomes final, you will automatically receive a Settlement Payment and your rights will be affected. If you do not want to be legally bound by the Settlement or receive a Settlement Payment, you must exclude yourself from it by **November 11, 2021**. Unless you exclude yourself, you will not be able to sue or continue to sue BANA for any claim made in this lawsuit or released by the Settlement Agreement. If you stay in the Settlement (and do not exclude yourself), you may object to it by **November 11, 2021**.

**The Court's Fairness Hearing.** The Court will hold a Final Fairness Hearing on **January 18, 2022**. At this hearing, the Court will decide whether to approve: (1) the Settlement; (2) Class Counsel's request for Attorneys' Fees (up to 33 1/3% of the Settlement Fund) and expenses; and (3) Service Awards totaling of between $1000 and $10,000 to the Class Representatives. You or your lawyer may appear at the hearing at your own expense, but you don't have to.

*For more information, visit www.NSFODSettlement.com or call 1-855-654-0890.*

# Exhibit 3

Morris v. Bank of America, N.A. Settlement
P.O. Box 5645
Portland, OR 97228-5645

**BARCODE NO-PRINT ZONE**

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Portland, OR
PERMIT NO. 2882

LEGAL NOTICE

**If you had a checking and/or savings account with Bank of America, N.A., and paid certain Overdraft fees or NSF fees between July 1, 2014, and July 29, 2021, you may be entitled to a payment from a class action settlement.**

**1-855-654-0890**
www.NSFODSettlement.com

<<MAIL ID>>
<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

**Barcode No-Print Zone**

A Settlement has been reached with Bank of America, N.A ("BANA") in a class action lawsuit about fees related to certain transaction types that were charged on accounts from **July 1, 2014, through July 29, 2021**.

**Who is included? BANA records indicate that you are a "Settlement Class Member" in this Settlement because you are in one or more of the following Settlement Classes**. The first Settlement Class consists of all holders of a BANA consumer checking and/or savings accounts who, during the Class Period, paid and were not refunded a Retry Transaction Fee. Retry Transaction Fees are insufficient fund ("NSF") and/or overdraft ("OD") fees that were assessed on an automated clearinghouse ("ACH") transaction from a consumer checking account that a merchant resubmitted to BANA after the merchant's first request for payment was declined. In other words, you are in the first Settlement Class if you paid more than one NSF or OD Fee for the same attempted ACH payment based on a merchant's request for that payment more than once. The second Settlement Class consists of all holders of a BANA consumer checking and/or savings accounts who, during the Class Period, paid and were not refunded one or more NSF or OD Fees on an ACH payment from their consumer checking account to another BANA account, like a mortgage or credit card. These are referred to as Intrabank Transaction Fees. The third Settlement Class consists of all holders of a BANA consumer checking and/or savings accounts who, during the Class Period, paid and were not refunded an NSF and/or OD Fee on a consumer checking and/or savings account transaction that would not have been assessed if BANA had delayed the posting of previously assessed NSF/OD Fees. These are referred to as Fee Accrual Claim Fees.

**What does the Settlement provide?** BANA will create a $75,000,000 Settlement Fund. After deducting Attorneys' Fees and costs, Service Awards to the Class Representatives, and the costs to administer the Settlement, the balance of the Settlement Fund will be divided pro rata among all Settlement Class Members. In addition, BANA has agreed, for a period of at least five years, to change certain practices and stop assessing fees on Retry Transactions. BANA will implement changes to its consumer account disclosures.

**What are my options?** If you do nothing and the Settlement is approved and becomes final, you will automatically receive a Settlement Payment and your rights will be affected. If you do not want to be legally bound by the Settlement or receive a Settlement Payment, you must exclude yourself from it by **November 11, 2021**. Unless you exclude yourself, you will not be able to sue or continue to sue BANA for any claim made in this lawsuit or released by the Settlement Agreement. If you stay in the Settlement (and do not exclude yourself), you may object to it by **November 11, 2021**.

**The Court's Fairness Hearing.** The Court will hold a Final Fairness Hearing on **January 18, 2022**. At this hearing, the Court will decide whether to approve: (1) the Settlement; (2) Class Counsel's request for Attorneys' Fees (up to 33 1/3% of the Settlement Fund) and expenses; and (3) Service Awards totaling of between $1000 and $10,000 to the Class Representatives. You or your lawyer may appear at the hearing at your own expense, but you don't have to.

**More information, including the Long Form Notice and Settlement Agreement are available at www.NSFODSettlement.com or by calling 1-855-654-0890.** AE2892 v.05

# Exhibit 4

Lisa Morris et al.

v.

Bank of America, N.A.

**NOTICE OF PENDING CLASS ACTION AND PROPOSED SETTLEMENT**

**READ THIS NOTICE FULLY AND CAREFULLY; THE PROPOSED SETTLEMENT MAY AFFECT YOUR RIGHTS.**

**IF YOU HAD A CHECKING AND/OR SAVINGS ACCOUNT WITH BANK OF AMERICA, N.A. ("BANA") AND YOU WERE ASSESSED A RETRY TRANSACTION FEE, INTRABANK TRANSACTION FEE, OR AN OVERDRAFT FEE OR NSF FEE AS A RESULT OF FEE TIMING PRACTICES, BETWEEN JULY 1, 2014 AND JULY 29, 2021, THEN YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

The District Court for the Western District of North Carolina has authorized this Notice; it is not a solicitation from a lawyer.

| SUMMARY OF YOUR OPTIONS AND THE LEGAL EFFECT OF EACH OPTION | |
|---|---|
| **DO NOTHING.** | If you were assessed, paid, and were not refunded the types of fees that are being challenged in this case, then you will receive a payment from the Settlement Fund so long as you do not exclude yourself (described in the next box). |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT; RECEIVE NO PAYMENT BUT RELEASE NO CLAIMS.** | You can choose to exclude yourself from the Settlement, or "opt out." This means you choose not to participate in the Settlement. You will keep your individual claims against BANA, but you will not receive a payment. The deadline to opt out of the Settlement is **November 11, 2021**. If you opt out but still want to recover against BANA, then you will have to file a separate lawsuit or claim. |
| **OBJECT TO THE SETTLEMENT.** | If you do not opt out but instead wish to object to the Settlement or any matters described in the Class Notice, you may do so by filing with the Court a notice of your intention to object. The deadline to object to the Settlement is **November 11, 2021**. |

These rights and options—***and the deadlines to exercise them***—along with the material terms of the Settlement are explained in this Class Notice.

## 1. What is this lawsuit about?

The lawsuit that is being settled is entitled *Lisa Morris et al. v. Bank of America, N.A.*, Civil Action No. 3:18-cv-157-RJC-DSC. The persons who sued are called the "Class Representatives" or "Plaintiffs." The Defendant is "BANA." The case is a "class action." That means that the Class Representatives are acting on behalf of the three Settlement Classes. The transactions at issue occurred **between July 1, 2014 and July 29, 2021**.

The first Settlement Class consists of all holders of a BANA consumer checking and/or savings accounts who, during the Class Period, paid and were not refunded a Retry Transaction Fee. Retry Transaction Fees are insufficient fund ("NSF") and/or overdraft ("OD") fees that were assessed on an automated clearinghouse ("ACH") transaction from a consumer checking account that was resubmitted to BANA by the merchant (company to whom the Settlement Class Member made his/or ACH payment) after the merchant's first request for payment was declined. In other words, you are in the first Settlement Class if you paid more than one NSF or OD fee for the same attempted ACH payment based on a merchant's request for that payment more than once.

The second Settlement Class consists of all holders of a BANA consumer checking and/or savings accounts who, during the Class Period, paid and were not refunded one or more NSF or OD fees on an ACH payment from their consumer checking account to another BANA account, like a mortgage or credit card. These are referred to as "Intrabank Transaction Fees."

The third Settlement Class consists of all holders of a BANA consumer checking and/or savings accounts who, during the Class Period, paid and were not refunded an NSF and/or OD fee on a consumer checking and/or savings account transaction that would not have been assessed if BANA had delayed the posting of previously assessed NSF/OD fees. These are referred to as "Fee Accrual Claim Fees."

BANA denies all wrongdoing and liability and denies that Plaintiffs' claims entitle them or the Settlement Class Members to any relief and denies that anyone was harmed by the conduct that the Plaintiffs allege.

## 2. Why did I receive Notice of this lawsuit?

You received the Class Notice because BANA's records indicate that you are in one or more Settlement Classes that were alleged to have been charged one or more of the fees at issue. The Court directed that the Class Notice be sent to all Settlement Class Members because each Settlement Class Member has a right to know about the proposed Settlement and the options available to him or her before the Court decides whether to approve the Settlement.

## 3. Why did the parties settle?

In any lawsuit, there are risks and potential benefits that come with a trial versus settling at an earlier stage. It is the Class Representative's lawyers' job to identify when a proposed settlement offer is good enough that it justifies recommending settling the case instead of continuing to trial. In a class action, these lawyers, known as Class Counsel, make this recommendation to the Class Representatives. The Class Representatives have the duty to act in the best interests of the class as a whole and, in this case, it is their belief, as well as Class Counsel's opinion, that this Settlement is in the best interest of all Settlement Class Members for at least the following reasons:

There is legal uncertainty about whether a judge or a jury will find that BANA breached its agreements with customers or otherwise acted improperly by assessing the OD and NSF fees that are the subject of this case. There is also uncertainty about whether the Class Representatives' claims are subject to other defenses that might result in no or less recovery to Settlement Class Members. Even if the Class Representatives were to win at trial, there is no assurance that the Settlement Class Members would be awarded more than the current Settlement Amount, and it may take years of litigation before any payments would be made. By settling, the Settlement Class Members will avoid these, and other risks, and the delays associated with continued litigation.

While BANA disputes Plaintiffs' claims, it has agreed to settle to avoid the costs, distractions, and risks of litigation. Thus, even though BANA denies that it did anything improper, it believes the Settlement is in its best interest and in the best interests of all of its customers.

### 4. How do I know if I am part of the Settlement?

If you received the Class Notice, then BANA's records indicate that you are a Settlement Class Member who is entitled to receive a payment.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

### 5. What options do I have with respect to the Settlement?

You have three options: (1) do nothing and you will receive a payment according to the terms of this Settlement, but you give up your rights to sue BANA separately about the same legal claims in this lawsuit; (2) exclude yourself from the Settlement ("opt out" of it) and you will not receive any settlement payment; or (3) participate in the Settlement but object to it. Each of these options is described in a separate section below.

### 6. What are the critical deadlines?

If you do nothing, you will receive a Settlement Payment.

The deadline for sending a letter to exclude yourself from, or opt out of, the Settlement is **November 11, 2021**.

The deadline to file an objection with the Court is **November 11, 2021**.

### 7. How do I decide which option to choose?

If you do not like the Settlement and you believe that you could receive more money by pursuing your claims on your own (with or without an attorney that you could hire) and you are comfortable with the risk that you might lose your case or get less than you would in this Settlement, then you may want to consider opting out.

If you believe the Settlement is unreasonable, unfair, or inadequate and the Court should reject the Settlement, you can object to the Settlement terms. The Court will decide if your objection is valid. If the Court agrees with you, then the Settlement will not be approved, and no payments will be made to you or any other Settlement Class Member. If your objection (and any other objection) is overruled, and the Settlement is approved, then you will still get a payment.

### 8. What must happen for the Settlement to be approved?

The Court must decide that the Settlement is fair, reasonable, and adequate before it will approve it. The Court already has decided to provide preliminary approval of the Settlement, which is why you received this Class Notice. The Court will make a final decision regarding the Settlement at a "Final Fairness Hearing," which is currently scheduled for **January 18, 2022**.

**THE SETTLEMENT PAYMENT**

### 9. How much is the Settlement?

BANA has agreed to create a Settlement Fund of $75,000,000.00 (the "Settlement Amount"). As discussed separately below, attorneys' fees, expenses, Service Awards to the Class Representatives, and costs to administer the Settlement will be paid out of this amount. Subject to Court approval, the balance of the Settlement Fund will be divided among all Settlement Class Members on a pro rata basis. Additionally, because of this lawsuit, BANA has agreed, for a period of at least five years, to change certain of its practices and stop assessing fees on Retry Transactions. In addition, BANA will implement changes to its consumer account disclosures.

## 10. How much of the Settlement Fund will be used to pay for attorney fees and costs?

Class Counsel will request that the Court award up to one third (33–1/3%) of the Settlement Amount as attorneys' fees plus reimbursement of litigation costs incurred in prosecuting the case. The Court will decide the amount of the attorneys' fees based on a number of factors, including the risk associated with bringing the case, the amount of time spent on the case, the amount of costs incurred to prosecute the case, the quality of the work, and the outcome of the case.

## 11. How much of the Settlement Fund will be used to pay the Class Representatives a Service Award?

Class Counsel, on behalf of the Class Representatives, will request Service Awards of between $1,000.00 and $10,000.00 to be paid to each of the Class Representatives.

## 12. How much will my payment be?

Subject to Court approval, the balance of the Settlement Amount after attorneys' fees and costs, the Service Awards, and the Settlement Administrator's fees, also known as the "Net Settlement Fund," will be divided among all Settlement Class Members entitled to Settlement Payments in accordance with the formulas outlined in the Settlement Agreement found at www.NSFODSettlement.com. Current customers of BANA will receive a credit to their BANA accounts for the amount they are entitled to receive. Former customers of BANA shall receive a check from the Settlement Administrator.

## 13. Do I have to do anything if I want to participate in the Settlement?

No. Any amount you are entitled to under the terms of the Settlement will be distributed to you, unless you choose to exclude yourself from the Settlement, or "opt out." Excluding yourself from the Settlement means you choose not to participate in the Settlement. You will keep your individual claims against BANA, but you will not receive a payment. In that case, if you choose to seek recovery against BANA, then you will have to file a separate lawsuit or claim.

## 14. When will I receive my payment?

The Court will hold a Final Fairness Hearing on **January 18, 2022**, to consider whether the Settlement should be approved. If there are no objections and the Court approves the Settlement, then payments should be made within approximately 30 days after the Settlement's Effective Date. The Effective Date is either the date on which the time to appeal the Final Approval Order passes and no appeals have been filed or the date on which the Final Approval Order is affirmed, all appeals are dismissed, and no further appeal is permitted. However, if someone objects to the Settlement, and the objection is sustained, then there is no Settlement. Even if all objections are overruled and the Court approves the Settlement, an objector could appeal, and it might take months or even years to have the appeal resolved, which would delay any payment.

### <u>EXCLUDING YOURSELF FROM THE SETTLEMENT</u>

## 15. How do I exclude myself from the Settlement?

If you do not want to receive a payment, or if you want to keep any right you may have to sue BANA for the claims alleged in this lawsuit, then you must exclude yourself, or "opt out."

To opt out, you **must** send a letter to the Settlement Administrator that you want to be excluded. Your letter can simply say, "I hereby elect to be excluded from the Settlement in the *Lisa Morris et al. v. Bank of America, N.A.* class action." Be sure to include your name, your address, and your signature. Your exclusion or opt-out request must be **postmarked by November 11, 2021**, and sent to the following address:

Morris v. Bank of America, N.A. Settlement
Exclusions
P.O. Box 5645
Portland, OR 97228-5645

## 16. What happens if I opt out of the Settlement?

If you opt out of the Settlement, you will preserve and not give up any of your rights to sue BANA for the claims alleged in this case. However, you will not be entitled to receive a payment from this Settlement. Opting out may preclude later participation in any later class action against the Released Parties.

## 17. If I exclude myself, can I obtain a payment?

No. If you exclude yourself, you will not be entitled to a payment.

### OBJECTING TO THE SETTLEMENT

## 18. How do I notify the Court that I do not like the Settlement?

You can object to the Settlement or any part of it that you do not like **IF** you do not exclude yourself, or opt out, from the Settlement. (Settlement Class Members who exclude themselves from the Settlement have no right to object to how other Settlement Class Members are treated.) To object, you may do so by filing with the Court a notice of your intention to object. Your objection must include the following:

- A statement of your intention to object to the Settlement in the *Lisa Morris et al. v. Bank of America, N.A.* class action;

- Your name, address, telephone number, and the contact information for any attorney you have retained in connection with this case;

- A statement of the factual and legal basis for each objection and any exhibits you wish the Court to consider in connection with the objection;

- A statement as to whether you intend to appear at the Final Approval Hearing, either in person or through an attorney, and, if through an attorney, identifying the attorney by name, address, and telephone number; and

- Your signature.

Be advised that if you object to the Settlement and retain an attorney for purposes of objecting, you are solely responsible for paying that attorney's fees and costs.

If you fail to comply with the provisions herein, you will waive and forfeit any and all rights to appear and/or object separately and will be bound by the terms of the Settlement Agreement and the orders and judgments of the Court.

To be timely, written notice of an objection must be filed or received by **November 11, 2021**, to the following addresses:

| CLERK OF COURT | CLASS COUNSEL | DEFENDANT'S COUNSEL |
|---|---|---|
| United States Courthouse<br>401 West Trade Street<br>Room 1301<br>Charlotte, NC 28202 | Larry McDevitt<br>David M. Wilkerson<br>The Van Winkle Law Firm<br>11 North Market Street<br>Asheville, NC 28801 | Brian A. Kahn<br>Jasmine K. Gardner<br>MCGUIREWOODS LLP<br>201 North Tryon Street<br>Suite 3000<br>Charlotte, NC 28202 |

## 19. What is the difference between objecting and requesting exclusion from the Settlement?

Objecting is telling the Court that you do not believe the Settlement is fair, reasonable, and adequate for the class, and asking the Court to reject it. You can object only if you do not opt out of the Settlement. If you object to the Settlement and do not opt out, then you are entitled to a payment if the Settlement is approved, but you will release claims you might have against BANA. Excluding yourself, or opting out, is telling the Court that you do not want to be part of the Settlement, and do not want to receive a payment or release claims you might have against BANA for the claims alleged in this lawsuit.

## 20. What happens if I object to the Settlement?

If the Court sustains your objection, or the objection of any other Settlement Class Member, then there is no Settlement. If you object, but the Court overrules your objection and any other objection(s), then you will be part of the Settlement.

### THE COURT'S FAIRNESS HEARING

## 21. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Fairness Hearing **January 18, 2022**. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may also decide how much to award Class Counsel for attorneys' fees and expenses and how much the Class Representatives should get as a Service Award for acting as the class representatives.

## 22. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. You or your lawyer may appear at the hearing at your own expense if you desire to do so, but you do not have to. If you have submitted an objection, then you may want to attend.

## 23. May I speak at the hearing?

If you have objected, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your objection, described in Question 18 above, the statement, "I hereby give notice that I intend to appear at the Final Fairness Hearing." You must include the following:

- State how much time the Settlement Class Member anticipates needing to present the objection.

- Identify, by name, address, and telephone number, all witnesses the Settlement Class Member proposes to have testify.

- Summarize in detail the anticipated testimony of all such witnesses.

- Identify all exhibits the Settlement Class Member intends to offer in support of the objection.

- Attach complete copies of all such exhibits.

### IF YOU DO NOTHING

## 24. What happens if I do nothing at all?

If you do nothing at all, and if the Settlement is approved, then you may receive a payment that represents your share of the Settlement Fund net of attorneys' fees, Settlement Administrator expenses, and the Class Representatives Service Awards. You will be considered a part of the class, and you will give up claims against BANA for the conduct identified in the Settlement. You will not give up any other claims you might have against BANA that are not released in this Settlement.

### THE LAWYERS REPRESENTING YOU

## 25. Do I have a lawyer in this case?

The Court ordered that the lawyers and their law firms referred to in this Notice as "Class Counsel" will represent you and the other Settlement Class Members. You may hire your own attorney, at your own expense if you desire to do so, but you do not have to.

## 26. Do I have to pay the lawyer for accomplishing this result?

No. Class Counsel will be paid directly from the Settlement Fund.

## 27. Who determines what the attorneys' fees will be?

The Court will be asked to approve the amount of attorneys' fees at the Final Fairness Hearing. Class Counsel will file an application for fees and costs and will specify the amount being sought as discussed above. You may review a physical copy of the fee application at the website established by the Settlement Administrator, www.NSFODSettlement.com.

### GETTING MORE INFORMATION

This Class Notice only summarizes the proposed Settlement. For additional information about the Settlement and/or to obtain copies of the Settlement Agreement, the pleadings in this case, or to change your address for purposes of receiving a payment, you should contact the Settlement Administrator as follows:

Morris v. Bank of America Settlement
P.O. Box 5645
Portland, OR 97228-5645
(855) 654-0890
www.NSFODSettlement.com

***PLEASE DO NOT CONTACT THE COURT OR ANY REPRESENTATIVE OF BANA CONCERNING THIS NOTICE OR THE SETTLEMENT.***

# Exhibit 5

| Doc Number | Claimant Name | Claimant Name 2 | Postmark Date | Received Date | Document Status |
|---|---|---|---|---|---|
| 1 | SEAN S CALLAHAN | | 01-Oct-21 | 04-Oct-21 | Received |
| 2 | LORETTA A LANG | DOROTHY FAULKNER | 01-Oct-21 | 04-Oct-21 | Received |
| 3 | JOSE P DIEGO | | 01-Oct-21 | 04-Oct-21 | Received |
| 4 | RUBY JOYCE ARNOLD | KAREN S HORTON | 01-Oct-21 | 05-Oct-21 | Received |
| 5 | JACQUELINE ALEXANDRIA ALLOTEY | | 04-Oct-21 | 07-Oct-21 | Received |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |